# SUPREME COURT

OF

## The State of Missouri

AT THE

## OCTOBER TERM, 1880.

---

HALLEY, *by his Guardian*, POLSON, v. TROESTER, *Appellant.*

**Contract of Person of Unsound Mind.** An exchange of property made by a person of mind so unsound, that the want of mental capacity is apparent to any one of ordinary prudence and observation conversing with him, is of no validity. A guardian subsequently appointed may recover the property of the insane person without tendering back that received by him in the exchange.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*J. L. Berry* and *C. P. Hess* for appellant, argued that

an insane person's contracts prior to office found are, like those of an infant, not void but voidable, and before he can recover, he must place the other party in *statu quo*, citing 2 Kent Com., (10 Ed.) pp. 606, 607; *Jackson v. Gumaer*, 2 Cow. 568; 28 Am. Rep. 610; *Loomis v. Spencer*, 2 Paige 153; *Canfield v. Fairbanks*, 63 Barb. 461; *Lancaster Co. Bank v. Moore*, 78 Pa. St. 407; *Wilder v. Weakley*, 34 Ind. 181; *Matthiessen v. McMahon*, 38 N. J. L. 536; *Behrens v. McKenzie*, 23 Iowa 333; *Rusk v. Fenton*, 14 Bush 490. It would be a fraud on appellant, under the circumstances shown in this case, to permit the respondent, not a lunatic, but a man of weak mind, to take the property of appellant, dispose of it, or place it beyond his reach, and then come back upon him and recover in this action. It is not pretended that appellant was notified before his trade with respondent or had any knowledge whatever of respondent's condition; and it is clear from the testimony, that appellant did not know, or even suspect any want of competency of respondent to contract.

*B. R. Dysart* for respondent, argued that the evidence tended to show that both the appellant and his agent, Brown, knew that they were dealing with an insane man, and that in all cases where the insanity is known to the other party or might have been discovered by ordinary diligence, the courts will compel him to rescind the contract and return the consideration to the insane person, citing *Tolson v. Garner*, 15 Mo. 494; Bishop on Contracts, §§ 294, 295; *Farley v. Parker*, 6 Oregon 105; s. c., 25 Am. Rep. 504; *Dexter v. Hall*, 15 Wall. 20; *Henry v. Fine*, 23 Ark. 417; *Lancaster Co. Bank v. Moore*, 78 Pa. St. 407; s. c., 21 Am. Rep. 24; *Rusk v. Fenton*, 14 Bush 490; s. c., 29 Am. Rep. 413; Bishop on Contracts, § 267; *Betts v. Carroll*, 6 Mo. App. 518.

NORTON, J.—This is an action of replevin commenced before a justice of the peace to recover the possession of

a horse, on the trial of which plaintiff obtained judgment, and on appeal to the circuit court of Macon county judgment was again rendered for plaintiff, from which defendant has appealed to this court. It appears from the evidence that on the 1st day of February, 1876, plaintiff, Halley, exchanged horses with defendant, and on the same day exchanged the mare he got of defendant to one Brown for an old and worthless pony. In a short time thereafter R. F. Polson, the present guardian of plaintiff, brought the said pony to Troester and demanded the horse he got of Halley in the exchange, on the ground that Halley was insane and incapable of making contracts. On the 6th day of February, 1876, Polson was appointed guardian and curator of the estate of said Halley, he having been adjudged to be incapable of managing his own affairs, and on the 9th day of February, 1876, as such guardian, commenced the present suit to recover the horse given by Halley to Troester for his mare. There was no conflict in the evidence in reference to the mental condition of Halley, and it shows clearly that Halley had no capacity either to make contracts or transact business, and that his want of capacity in this respect was apparent to any person of ordinary prudence and observation who might converse with him. The evidence also showed that the defendant made the exchange of horses through one Brown, as his agent, and immediately after the exchange, if not cotemporaneous with it, Brown received from Halley the mare Halley received in exchange, giving Halley therefor an old, worthless pony, and that soon after, and on the same day, defendant saw Halley with the worthless pony and was fully informed that plaintiff was insane and not capable of transacting business.

Upon this state of facts the court instructed the jury as follows, on behalf of plaintiff: "If the plaintiff, at the time he contracted with the defendant for the exchange of horses, was a person of unsound mind and incapable of comprehending the business in which he was engaged and

the nature of the contract he was making, then such contract is of no validity, and if it further appears from the evidence that the horse in controversy was demanded by the guardian of the plaintiff before the commencement of this suit, then the finding should be for the plaintiff." The giving of this instruction is relied upon as a ground of reversal, as well as the refusal of the court to give the following asked by defendant: "If the plaintiff, James F. Halley, traded his horse to defendant for defendant's mare, and then traded the defendant's mare to Hayden Brown, he cannot maintain this action, until he produces and tenders to defendant the mare he got of defendant and demands a rescission of his contract with defendant. The trade afterward made by plaintiff, Halley and Hayden Brown, was not void but voidable, and the said Halley, or his legal guardian only, could rescind such trade on the ground of imbecility of mind of plaintiff."

The case of *Tolson, Admr., v. Garner*, 15 Mo. 340, by which the trial court seems to have been guided in giving and refusing instructions, fully warranted its action in that respect. The case referred to goes further than the trial court did in this case, for there a recovery was allowed upon an instruction telling the jury that if they believed Mrs. Tolson, at the time the bill of sale was executed, was of unsound mind and not capable to contract, that they must find for her administrator. The right to recover was neither predicated on making a demand nor an offer to return the consideration. Judgment affirmed. All concur.