E. D. JONES ET AL., Appellant, *v.* F. A. DURGIN, Respondent.

January 20, 1885.

1. CONTRACTS — MUTUALITY ESSENTIAL BUT MAY BE IMPLIED. — Although a contract in express terms is obligatory on one party only, yet if it appears therefrom, that the consideration upon which one party assumed

an express obligation, was a corresponding obligation of the other party, such obligation of the latter will be implied.

2. —— WANT OF CONSIDERATION. — But when in a continuing contract the obligation thus to be implied is so vague and indefinite as to be incapable of enforcement, the express obligation fails for want of consideration.

APPEAL from the St. Louis Circuit Court, LUBKE, J. *Affirmed*.

PATRICK & FRANK, for the appellants.

McKEIGHAN & JONES and A. R. TAYLOR, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff and the defendant entered into the following contract: —

"ST. LOUIS, March 11th, 1878.

"I agree to pay the Western Publishing Company for the insertion of my advertisement to the amount of three pages printed matter in its book to be called — 'A Tour of St. Louis, or the Inside Life of a Great City.'

" One cent for each printed page of such advertisement in every volume which may be disposed of to business men, farmers, merchants, etc., in the states of Missouri, Kansas, Arkansas, Texas, and Louisiana.

"F. A. DURGIN."

The plaintiffs claim that they published ten thousand copies of the book containing the defendant's advertisement as per contract, and disposed of them according to its terms. That the defendant failed to pay as he agreed, wherefore they ask judgment for $300.

The defendant by answer denies each allegation of the petition, and sets up the following affirmative defences: —

That the agreement above set out does not contain the entire contract, because it was understood between the parties, at the date of its execution that the book mentioned should be a moral and respectable book, fit for the reading of any one, — and that the book published by plaintiffs was filled with indecency and obscenity, which rendered

it an indecent and obscene book, unfit to be placed in families. That on account thereof the defendant gave notice to the plaintiff, as soon as the first edition of 500 of said book was published to discontinue his advertisement.

That the contract did not specify the length of time said book might be published, or the number of volumes which the plaintiffs might publish; that the plaintiffs first published an edition of 500 and that the defendant thereupon at once notified the plaintiffs not to insert his advertisements in any more of said books, by which means the contract was determined and ended.

. The answer was denied by reply.

The case was submitted to the court, upon an agreed statement of facts, which constituted all the evidence offered in the case of either party, and which is as follows : —

" It is agreed by and between said plaintiffs and defendant as follows : —

" 1st. That the defendant signed the instrument of writing dated March 11, 1878. That upon the publication of the first edition of 500 copies of the book mentioned in plaintiffs' petition, and before any other edition of the same was published, plaintiffs made out and presented defendant with a bill of $15, the price of defendant's advertisement in said book for said first edition. Upon the presentation of the same said defendant refused to pay said bill, on the ground that the book so published was immoral and indecent, and was not the kind of book agreed to be published, and at the same time notified plaintiffs not to insert his, defendant's, advertisement in any more of said books, as he would not pay for them.

" That notwithstanding said notice and refusal to pay, said plaintiffs continued to insert said advertisement of defendant in all subsequent editions of said book until 10,000 copies were issued and disposed of.

" Changes were made by plaintiff in the subsequent editions of said book with reference to the alleged immoral parts,

which changes are marked in copies of said book filed herewith as part of this agreement.

"At the time of signing said writing said book was not written or published, and when defendant was solicited to sign the same he inquired of plaintiffs what kind of book it would be, and the answer was made that the book would be a moral book and fit to be placed on any man's parlor table or in his library. Whereupon said defendant signed said instrument."

A copy of the first edition is herewith filed, marked exhibit "A," with the alleged immoral parts noted; also a copy of subsequent editions filed herewith as exhibit "B," with changes noted.

No declaration of law, or instructions were asked by either party. The court of its own motion made a declaration of law as part of its finding, which is preserved in the record, and to which plaintiffs excepted.

There being no controversy as to the facts it is wholly immaterial whether the declaration of law made by the court was correct or not, as the judgment is a mere conclusion of law upon conceded facts, and the only thing for us to determine is, whether the judgment of the court under the pleadings and evidence has any support whatever, as such legal conclusion.

It will be seen that the contract in its inception lacked the mutuality of consideration. The defendant agreed that he would pay the plaintiffs a certain sum for the insertion of his advertisements, but the plaintiffs expressly agreed to nothing.

Now, it is true that when a contract upon its face and by its express terms appears to be obligatory on one party only yet if it was manifestly the intention of the parties, and the consideration upon which one party assumed an express obligation that there should be a corresponding and correlative obligation on the other party, such obligation will be implied. *Lewis* v. *Atlas Ins. Co.*, 61 Mo. 534. But in

such event the obligation to be implied must be a corresponding and correlative obligation and one that can be determined from the face of the contract. No such obligation on part of plaintiffs can be implied here. The defendant could not have compelled the plaintiffs to publish their book or to dispose of it to the parties in the various states named, — nor hold them responsible in damages for not doing so, because assuming that there was an implied obligation on part of the plaintiffs to publish the book and dispose of it, the obligation was so vague and indefinite as to be incapable of enforcement.

This contract falls into the class of contracts which are unenforcible while purely executory, but become valid when executed, because the consideration wanting at first on the one part, is supplied by performance. Upon the performance of the condition by the promisee, the contract becomes clothed with a valid consideration, which relates back and renders the promise obligatory. *Lindell* v. *Rokes*, 60 Mo. 251.

Now in this case, it is agreed, that upon the publication of the first edition of five hundred copies of the book, and before any other edition of the same was published, plaintiffs made out and presented to defendant a bill for $15, the price of defendant's advertisement in said book, for said first edition ; which bill defendant refused to pay and at the same time notified plaintiffs not to insert his advertisement in any more of said books, as he would not pay for them.

To that extent the contract was performed by plaintiffs, and defendant could not rescind it. The court so found and rendered judgment for plaintiffs for $15 and interest. The plaintiffs can not claim that the defendant's promise continued, because before they entered upon their new undertaking of getting out another, and as the case finds, corrected edition, and before they had incurred any further expenses in doing so, and at a time when defendant's

promise was supported by no consideration, the defendant terminated the contract, as we must hold under the circumstances he lawfully might.

The case of *Reade* v. *Bently* (4 K. & J. 656), while not directly in point, does contain one element important for the determination of cases of this character, namely, that the right of determination in such cases must be exercised at a time when the publisher has not incurred further expense in the preparation of a new edition. That the notice of termination was timely in that respect appears affirmatively here.

Judgment affirmed. All the judges concur.