# WILLARD S. PAUL, Appellant, v. E. S. SMITH, Respondent.

## Kansas City Court of Appeals, May 12, 1890.

1. **Infancy**: CONTRACTS FOR NECESSARIES : PARENT AND CHILD. Con-
tracts of infants for necessaries are neither void or voidable ; and
by both the common and civil law parents are bound to maintain
their children, but, if the authority of the parent is abjured with-
out any necessity occasioned by the parent, all obligation to pro-
vide for the infant is at an end, and the infant himself is chargeable
for necessaries for his support ; and each case is governed more or
less by its own peculiar circumstances.

2. ———: NECESSARIES : DEFINITIONS : CONTRACT. Necessaries not
only comprehend the infant's necessary meat, drink, apparel,
physic and education, but is a relative term to be construed with
reference to infant's age, state and degree ; and in all cases there
must be a personal advantage from the contract derived to the
infant himself.

3. ———: WAGON NOT A NECESSARY : RETAINED AFTER MAJORITY.
The defendant in the fall while living with his father, and within
four months of his majority, bought of plaintiff a wagon for
seventy dollars, and gave his note therefor, payable one year after
date, secured by a mortgage on the wagon. During the fall he
rented a farm and did some work thereon, and in the next spring
married a wife, put in and cultivated a crop on the rented farm,
using the wagon until the maturity of the note, when, on account
of default in payment, plaintiff took possession of and sold the
wagon for thirty-seven and one-half dollars. He afterwards
brought this suit for the balance due on the note. *Held*, on
defendant's plea of infancy,

   (1) That he cannot be held liable upon theory that the wagon
   was a necessary within the meaning the law has affixed to
   that term, when employed in connection with the contracts
   of infants.

   (2) Nor on the ground that he retained and used the wagon after
   his majority.

4. ———: RATIFICATION. The record in this case discloses no such
evidence of ratification as the statute requires.

*Appeal from the Jasper Circuit Court.*—Hon. M. G. McGregor, Judge.

Affirmed.

*C. H. Montgomery*, for appellant.

(1) The court erred in refusing to give instruction number 1, asked on behalf of plaintiff, and in giving instruction number 1, asked on behalf of defendant. No article could have been more necessary to defendant under the circumstances than a wagon. 7 Wait's Act. & Def. 134; 5 Wait's Act. & Def. 64; Wait on Fraud. Con. & Creditors' Bills, sec. 459; *Mahoney v. Evans*, 51 Pa. St. 80; 59 N. H. 354; 47 Am. Rep. 214, 215. If an infant is carrying on business for himself with the consent of his parent or guardian, he can bind himself for articles necessary for that business. *Smith v. Young*, 2 Dev. & B. 26; *Guthrie v. Murphy*, 4 Watts (Penn.) 80; *Story v. Perry*, 19 Eng. C. L. 508, 4 C. & P. 526; *Mortara v. Hall*, 6 Sim. 465. (2) In refusing to give instruction number 2, asked by and on behalf of plaintiff, and in giving instruction number 2, asked and given on behalf of defendant. The defendant appropriated and converted the wagon to his own use for ten months and twenty-one days after he became of age. "Any exercise of ownership of a chattel, after coming of age, ratifies the purchase of it." 1 Benjamin on Sales [6 Ed.] p. 39, sec. 30. Last part of note 30 uses above language and cites: *Robinson v. Hoskins*, 14 Bush (Ky.) 393; *Boodey v. McKinney*, 23 Me: 525; *Cheshire v. Barrett*, 4 McCord, 241; *Messick v. Shortridge*, 21 Mich. 318; *Walsh v. Powers*, 43 N. Y. 23; *Dana v. Combs*, 6 Me. (6 Greenleaf) 89; *Lowry v. Drake*, 1 Dana (Ky.) 46; *Higley v. Burrows*, 49 Me. 103. Section 2516, Revised Statutes of 1879, only applies where plaintiff relies upon a promise, or parol recognition of the indebtedness. Plaintiff does not rely upon any

such promise or recognition.    Benjamin on Sales [6 Ed.]
American Notes by Charles L. Corbin, top p. 39, sec.
30.    Last part of note 30 cites: *Robinson v. Hoskins*,
14 Bush (Ky.) 393; *Boodey v. McKinney*, 23 Me. 525;
*Cheshire v. Barrett*, 4 McCord, 241; *Messick v. Short-
ridge*, 21 Mich. 318; *Walsh v. Powers*, 43 N. Y. 23.
By keeping and using and wearing the wagon out after
attaining majority, he elects as an adult to keep the prop-
erty at the price and on the terms agreed upon when an
infant.    *Robinson v. Hoskins*, 14 Bush (Ky.) 393.
(3)  In refusing to give instruction number 3, asked on
behalf of plaintiff.    If a minor would repudiate a con-
tract, he must disaffirm it within a reasonable time.
*Green v. Willding*, 59 Ia. 679; *Jones v. Jones*, 46 Ia.
466.    Defendant never did disaffirm this contract.    If
his acts at the trial were a disaffirmance they came too
late.  *Green v. Willding*, 44 Am. Rep. 696.  (4)  In
refusing instruction number 4, asked on behalf of plain-
tiff.    Section 2516, Revised Statutes, 1879, is an amend-
ment of the statute of frauds.    The contract was wholly
performed on the part of plaintiff and accepted by
defendant a long time after majority.    He cannot take
refuge under the statute.    *Adm'r v. Adm'r*, 26 Mo. 221;
*McConnell v. Brayner*, 63 Mo. 461; *Self v. Cordell*, 45
Mo. 345.  (5)  The facts were undisputed in this case,
and, under the law and the evidence, the finding should
have been for plaintiff.

*L. P. Cunningham* and *T. Dolan*, for respondent.

(1)  He never at any time ratified the contract
as is required by section 2516, Revised Statutes, 1879,
so as to bind himself to pay the note given for the pur-
chase price.    R. S. 1879, sec. 2516, now R. S., sec. 5189.
In treating on the subject of ratification of infant's con-
tracts, Tyler on Infancy and Coverture [2 Ed.] page 98,
side page 50, says: "In some of the states they have
(*Wood v. Lacy*, 50 Mich. 475; *Payne v. Wood*, 14 N. E.

Rep. 775) statutes providing that the ratification of transactions by infants must be in writing, and when such is the law the subject is easily disposed of." Tyler, Infancy and Cov., p. 103, side p. 53. (2) But even at common law the plaintiff is not entitled to recover, and the judgment of the circuit court should be affirmed, because, the wagon was not a necessary. Articles purchased for business purposes, agricultural or commercial, are not necessaries. *House v. Alexander*, 4 N. E. Rep. (Ind.) 891–2; Benjamin on Sales, side p. 26, top p. 34; 2 Kent's Com. [11 Ed.] top p. 263, side p. 239; 5 Wait's Act. & Def., pp. 63–4. This is the law in this state. *Perrin v. Wilson*, 10 Mo. 451. (3) Even at common law the defendant would not be obliged to disaffirm the contract and would only be bound by his affirmance or ratification of it after reaching his majority, for the contract was executory as to him. Where, at the common law, a contract is executed on the part of the infant, he must disaffirm to avoid its consequences; but where it is executory as to him, it is not binding on him unless ratified after he becomes of age. 1 Minor's Institutes, p. 493; 1 Am. Lead. Cases, 559–60; *Mithred v. Wohlford*, Grit. 329, 340; *Messick v. Shortridge*, 21 Mich. 303, 315; *Boodey v. McKinney*, 23 Maine, 522; Benjamin on Sales [4 Ed.] side p. 27.

SMITH, P. J.—This was a suit brought before a justice of the peace by plaintiff against the defendant to recover the balance claimed to be due on a promissory note. The case was appealed to the circuit court of Jasper county, where it was tried *de novo*. The defense was that of infancy. The facts disclosed by the record appear to have been that the plaintiff, who was a merchant and dealer in agricultural implements, sold to the defendant a wagon for seventy dollars and took his note therefor, payable one year after date, secured by a

mortgage on the wagon. It appears, further, that the defendant was, at the time of the purchase of the wagon, residing with his father, and then lacked about four months of being twenty-one years of age; that the defendant, during the fall that he bought the wagon of plaintiff, rented a farm and did some work thereon; that, in the following spring, he married, and put in and cultivated a crop on the land which he had previously rented. He used the wagon on his farm until the note given for it became due, when, not making payment according to its terms, the plaintiff took possession of the wagon, as he was, in such case, authorized to do under the mortgage. He sold the wagon, which brought $37.50, which he indorsed as a credit on the note, and then sued for the balance due thereon. The evidence further discloses that the wagon sold by plaintiff under the mortgage brought all it was then worth. The defendant did not at any time offer to return the wagon and rescind the contract in respect thereto. On this state of facts the court found the issues for the defendant and rendered judgment accordingly, to reverse which the plaintiff prosecutes this appeal.

I. The defendant seeks to avoid his promissory note upon the plea of infancy. And the question is whether this defense can be successfully invoked under the facts of the case. This must be determined by the principles of the law applicable to the executory contracts of infants. Contracts of infants for necessaries are neither void nor voidable. Tyler on Inf. and Cov. 107; 1 Parsons on Contracts [ 3 Ed.] 244; 1 Bacon's Abr. Inf. 1. By both the common and civil law, parents are bound to maintain their children, but, if the authority of the parent is abjured without any necessity occasioned by the parent, all obligation to provide for the infant is at an end, and the infant himself is chargeable for necessaries for his support. Authoritative precedents cannot be found which are binding in all cases,

as each case is governed, more or less, by its own peculiar circumstances, taking into consideration the age, fortune, condition and rank of life of the infant. It is stated by Lord COKE (Coke Litl. 172) that the necessaries for which an infant may make a valid contract of purchase are "his necessary meat, drink, apparel, necessary physic and such other necessaries, and likewise for his good teaching or instruction whereby he may profit himself afterwards." But these are not the only articles that are comprehended by the term "necessaries." "In all cases," says Baron ALDERSON in *Chipple v. Cooper*, 13 M. & W. 256, "there must be personal advantage from the contract derived to the infant himself." The word "necessaries" must, therefore, be regarded as a relative term to be construed with reference to the infant's age, state and degree. Benj. on Sales, sec. 23.

And the rule is that, in an action for necessaries, the question, whether the articles are of the classes for which an infant is bound to pay, is one of law for the court. Tyler on Inf. and Cov. 126. We must now determine whether the wagon furnished the defendant, tested by these rules, is comprehended by the term "necessaries." The defendant, we must infer, had abjured the authority of his father when he purchased the wagon, for it appears that he either then had, or shortly thereafter did enter into a contract for a wife and for the rent of a farm, both of which contracts he proceeded to quite reasonably execute. So the question is, whether, in prosecuting his chosen agricultural pursuit under these conditions, a wagon was a necessary, within the meaning of the rule. That he could not successfully prosecute the labors of a husbandman, without the use of this indispensable auxiliary, is quite obvious. If it was a necessary, then he was primarily liable for its reasonable value and he cannot be permitted to plead his infancy in defense, whether he was under age or not, at

the time this action was commenced. Tyler on Inf. and Cov. 108.

If the question was not well settled, I should hesitate long before concluding this useful machine, furnished the defendant by the plaintiff, was not included in the term "necessaries." But it must be ruled to the contrary upon that well-recognized principle of law which does not encourage persons to engage in business during non-age, but, on the contrary, its policy is to keep infants from engaging in business until they have attained full age. On this ground, it has been held that articles purchased for business purposes, whether agricultural or commercial, cannot be deemed *necessaries*, and that, too, when the infant depends upon his business for support. *House v. Alexander*, 4 N. W. Rep. 89; *Woods v. Lacy*, 50 Mich. 475; *Lowe v. Griffith*, Scott, 458; *Mason v. Wright*, 13 Metc. 308; *Merriam v. Cunningham*, 11 Cush, 40; *Decell v. Leourthal*, 57 Miss. 331; *Grace v. Hale*, 20 Tenn. 28; *Price v. Sanders*, 60 Ind. 30; *Harrison v. Faun*, 1 Man. G. 550; *Wharton v. McKinzie*, 5 Q. B. 606. In view of these authoritative assertions of the law, I am constrained to rule that the defendant cannot be held liable upon the theory that the wagon was a necessary, within the meaning the law has affixed to that term, when employed in connection with the contracts of infants.

II. Can the defendant be held liable on any other ground of principle? The wagon he used after the purchase during the remainder of his minority, and for several months after he attained his majority. It, I infer from the price it brought at the sale by the plaintiff, was nearly half worn out. He did not offer to return it, even in that condition. The plaintiff, under the terms of the mortgage, it is true, got the wagon back, but it was hardly the wagon he had sold defendant. It was but barely half of it. The defendant had

enjoyed the beneficial use of the wagon, as has been stated, and, to the extent that it was worn by use and had deteriorated in value, it would seem that he was morally obligated to make restitution to the extent of the deterioration. Especially ought this to be so since he was of age, during the last nine months of the year in which he used the wagon. The return of the wagon under such circumstances would hardly meet the just requirements of his moral obligation to the plaintiff. He has, in effect, kept half of the plaintiff's chattel. He still has it, and has not, and does not, offer to return it, though years have elapsed since he received it, and since he attained his majority. To the extent he has had the beneficial use of the plaintiff's property after his majority, he ought to be made liable. Since the wagon sold to defendant cannot be held to be a necessary, the contract, therefore, was violable at his election. The right of. infants, lunatics and persons *non compos mentis* to avoid their contracts is placed on the same ground in this and some other states. *Holly v. Troester*, 72 Mo. 76; *Tolson's Adm'r v. Garner*, 15 Mo. 464; *Heard v. Lack*, 81 Mo. 615; *Hall v. Butterfield*, 59 N. H. 354; *Ferguson v. Bell, Adm'r*, 17 Mo. 347; *Huth v. Railroad*, 56 Mo. 202; *Slaver v. Phelps*, 11 Pick. 304; *Breckenridge v. Ormsby*, 1 J. J. Marsh, 236. They are considered to be void if that freedom of will, combined with the assent necessary to make a valid contract, was absent. To protect them from fraud and imposition, to which they are exposed on this account, they are permitted to allege their want of capacity to bind themselves by contract. But this privilege is to be used as a shield, not as a sword; not to do injustice, but to prevent it. *Zerch v. Parsons*, 3 Burr. 1794; *Slaver v. Phelps*, 11 Pick. 304; *Allis v. Billings*, 6 Metc. 415; *Hallett v. Oaks*, 1 Cush. 296; *Lincoln v. Breckmaster*, 32 Vt. 652. Since the ordinary contracts of infants and persons *non compos mentis* stand on the

same legal footing, it is worth while to inquire into the law as it has been authoritatively declared in this state, in respect to the contracts of the latter class of persons. In *Holly v. Troester*, *supra*, the plaintiff, an insane person, exchanged horses with defendant, and afterwards his guardian demanded of the defendant the mare he got of plaintiff, without returning, or offering to return, to the defendant the one he had received of him. Holly, by his guardian, sued in replevin to recover of defendant the horse he had traded to him. This instruction was given: "If the plaintiff, at the time he contracted with defendant for the exchange of horses, was a person of unsound mind, and incapable of comprehending the nature of the contract he was making, then such contract was of no validity, and, if it further appears from the evidence that the horse in controversy was demanded by the guardian of the plaintiff before the commencement of the suit, then the finding should be for plaintiff." This instruction was refused: "If the plaintiff Holly traded his horse for defendant's mare, and then traded the mare to Brown, he cannot maintain this action until he produces and tenders the mare he got of defendant, and demands rescission of the contract. The trade made by Holly and Brown was not void, but voidable, and Holly or his guardian could only rescind such trade on the ground of imbecility of the mind of Holly." The court said that the case of *Tolson's Adm'r v. Garner*, *supra*, fully warranted this action of the trial court. In the last-named case, the right of recovery was neither predicated on making demand, nor offer to return the consideration. It is held in other jurisdictions that persons of these classes cannot rescind without restoring, or offering to restore, the consideration remaining in *specie*, and in possession and capable of return.

It has been held, too, that when the consideration cannot be restored, the infant, before he can be allowed

to rescind, must place the adult in as good condition as though he had returned the consideration, or he must account for its value. *Heath v. West*, 28 N. H. 101; *Moung v. Stevens*, 48 N. H. 133; *Price v. Freeman*, 27 Vt. 268; *Budge v. Phinney*, 15 Mass. 359; *Riley v. Mallory*, 33 Conn. 268. When the goods cannot be restored by the infant, it has been held that he is bound to pay the value not exceeding the contract price, or so much of the goods forming the consideration of the notes as were disposed of by him after he became of age, and that the recovery could be supported under the court for goods sold and delivered. And this upon the principle that, if he obtained the goods without payment, and retained and sold them, and pocketed the proceeds, it was his duty, under such circumstances, to pay for them. In such case the law allows a recovery upon the theory that the parties undertook to do what was their duty. *Messick v. Shortridge*, 21 Mich. 304. This just principle does not seem to find recognition in the jurisprudence of this state. I think it is discountenanced by the cases of *Tolson's Adm'r v. Garner*, *supra*, and the other cases which have followed it. The disability of infancy, instead of being for the infant's protection merely affords him an extraordinary legal capacity to plunder others with impunity. I regret to be compelled to apply a rule which my own judgment so strongly condemns.

III. But it is contended that the defendant has ratified the sale. It is sufficient to say that there is no evidence in the record of the kind of ratification required by the statute. R. S., sec. 2516. I am unable to discover any theory upon which the plaintiff can recover in this case. The judgment must, therefore, be affirmed.