M. F. HECHT et al., Respondents, v. MORRIS A. HEI-MANN, Appellant.

St. Louis Court of Appeals, October 31, 1899.

1. **Costs, Taxation of:**  STATUTORY CONSTRUCTION.    In this state costs are of statutory creation and regulation and are left to the discretion of the courts to be equitably proportioned or adjusted in actions at law.

2. **Action:** REPLEVIN, KIND OF ACTION: TAXATION OF COSTS: STATUTORY CONSTRUCTION.    The action of replevin, is an action not arising on- contract, and if in the action the plaintiff recovers any of the property sued for, section 2925, Revised Statutes of Missouri gives him his costs.

3. **Motion for New Trial:** TIME OF FILING MOTION: STATUTORY CONSTRUCTION    The statute (section 2243 R. S. 1889), requires that a motion for new trial shall be filed within four days after the trial, if the term shall so long continue, or before the end of the term.    This statute is mandatory, and it is not within the power of the parties to stipulate for its evasion.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*William B. Thompson* and *Francis A. Thornton* for appellant.

In an action of replevin for a number of specific articles, where plaintiff proves title to a part, and defendant to the re-

mainder, the costs should be apportioned equally between them. Cobbey on Replevin, secs. 1156 and 846; 2 Sedgwick on Damages [8 Ed.], sec. 542; 3 Wait's Practice, p. 464; Vinal v. Spofford, 139 Mass. 126; Powell v. Hinsdale, 5 Mass. 342; Poor v. Woodburn, 25 Vt. 234; Field v. Post, 34 N. J. L. 346; Porter v. Willet, 14 Abb. Pr. 319.

*Collins & Jamison* for respondent.

(1) On this appeal there is only one proposition left open to be contested by the defendant—whether the court below committed error in assessing all of the costs of the case against the defendant. Because the defendant having failed to file a motion for a new trial within four days after the trial, can not now be heard to question the correctness of the verdict. R. S. 1889, sec. 2243. (2) Because the defendant in the motion filed by him praying for an apportionment of the costs asks the court to enter judgment in accordance with the verdict, and is now estopped to deny the correctness of the verdict of the jury. (3) The plaintiffs prevailed in this, which was a civil action, and are therefore entitled to recover their costs against the defendant, as no other provision is made by law. R. S. 1889, sec. 2920; Hawkins v. Newland, 53 Mo. 328.

BLAND, P. J.—This suit is replevin for divers articles of personal property, the property (except two articles not found) was taken from the possession of defendant and delivered to plaintiffs by the officer. There was a trial by jury, who rendered the following verdicts:

"We the jury in the above entitled cause find that the following described articles seized by the constable belonged to plaintiffs at the time of the commencement of this suit, and that they were and now are entitled to the possession thereof, to wit: One lot of stocks and dies, one wire cutter, one pump, two stuncheon or Stillson wrenches, one mouth piece

for blower.    And we further find that said articles are worth the sum of $8.50-100 at this date, and we assess damages in favor of plaintiffs and against the defendant for the detention of said articles in the sum of one cent.    We further find that the pattern plate mentioned in the evidence belonged to plaintiffs at the commencement of this suit and was not seized by the constable, and that its value at this time is the sum of thirty (30) cents.    We therefore find for plaintiffs as above set forth.    We further find that plaintiffs were not entitled to the possession of the following articles, to wit: One lot of three-eighth rods; one lot of arms for shelf fixtures, one lot of bulldog clamps, and one lot of slides for shelf fixtures, and that their value at this time is twenty (20) dollars."

Defendant filed motion to tax costs to plaintiffs in the proportion which defendant's recovery bears to the value of all the property described in the writ (as that value was found by the jury), balance of costs to defendant.    Motion was overruled and judgment rendered for plaintiffs that they retain the property awarded them by the jury and for the one cent damages assessed, and for the costs of suit.    Defendant appealed, and contends here that the trial court erred in overruling his motion to tax costs.

Whatever may have been said by the courts of other jurisdictions and by the text writers on the equitable taxation of costs in cases like the one in hand, in this state costs are the creatures of statutory creation and regulation, and are left to the discretion of the courts to be equitably proportioned or adjusted in actions at law.    City of St. Louis v. Meintz, 107 Mo. 611; Hoover v. Railroad, 115 Mo. 77; State ex rel v. Seibert, 130 Mo. 202; and all statutes relating to costs must be strictly construed.    Shed v. Railroad, 67 Mo. 687; Ford v. Railroad, 29 Mo. App. 616; Ring v. Paint &. Glass Co., 46 Mo. App. 374; State ex rel. v. McCracken, 60 Mo. App. 650, and State ex rel. v. Seibert, *supra*.    Section 2920 (chap. 43), Revised Statutes of 1889, enacts that, "in all civil actions, or

proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Section 2925 (same chapter) enacts that, "in all actions not founded on contract, the damages claimed in the petition shall determine the jurisdiction of the court, and if the plaintiff recover any damages he shall recover his costs." Neither of these sections are changed or modified by section 7490, 7491 or 7492, Revised Statutes 1889 regulating the taxation of costs in replevin suits. In Vineyard v. Lynch, 86 Mo. 684, it was ruled by the supreme court that in an action of *ex delicto,* where the petition contained several counts, if the plaintiff recover any damages upon any count, he should recover his costs," citing section 995, Revised Statutes 1879, now section 2925, *supra.* But it is contended by appellant that an action in replevin is *sui generis,* and is only an action *ex delicto* to a certain extent. An action *ex delicto* is founded on fault, misconduct, negligence, tort or crime, and is thus distinguishable from actions founded on breach of contract. The action of replevin is founded on the wrongful detention of personal property, and because there may be double judgments, one for plaintiff for a part of the goods, and one for the defendant for another part, the nature of the action is not changed and the fact remains that plaintiffs were bound to sue for what they got. The plaintiff may sue for more goods than he is entitled to recover in an action of replevin. So in an action of tort he may sue for more damages than he is entitled to recover, yet in the latter case, as we have seen, if he recover any damages the statute gives him his costs. We can see no good reason for saying the statute does not do the like in a replevin suit, where plaintiff recovers any of the goods for which he sues. Again, the chapter (43 R. S. 1889) concerning costs in civil cases for the purpose of simplicity and certainty classifies all civil actions under two general heads, to wit, actions arising on contract, and actions not arising on contract. There is no

civil action at law that does not come under one or the other of these heads, and in which the costs accruing is not governed either by section 2920 or 2925, *supra*.   The action of replevin whatever else may be said of it, is an action not arising on contract, and if in the action the plaintiff recovers any of the property sued for section 2925 gives him his costs.

We can not examine the errors assigned as having been committed during the progress of the trial, for the reason the motion for new trial was not filed at the term of court at which the trial was had.   It is true that counsel stipulated that it might be filed at the subsequent term.   The statute (section 2243, R. S. 1889) requires that a motion for new trial shall be filed within four days after the trial, if the term shall so long continue, or before the end of the term.   This statute is mandatory, and it is not within the power of the parties to stipulate for its evasion.   State v. Brooks, 92 Mo. 542; Building Association v. Refrigerator Co., 127 Mo. 499; State v. Clark, 119 Mo. 426; Cramer v. Atkin, 49 Mo. App. 163.

The judgment is affirmed.   All concur.