MAGGIE A. LAMM et al., Appellants,    v.    SAMUEL RAILEY, Respondent.

Kansas City Court of Appeals, January 6, 1908.

1. **COSTS: Statute: Court's Discretion: Ejectment: Answer.** An action of ejectment where the answer is a general denial and a counterclaim does not come within the statute giving the court discretionary power to tax the costs.

2. ————: ————: **Witnesses: Vacation.** The losing party in an action of ejectment is liable for the costs of the witnesses unless the prevailing party has been guilty of wrong in summonsing the same.

Appeal from Moniteau Circuit Court.—*Hon. William A. Martin,* Judge.

REVERSED AND REMANDED (*with directions*).

*Edmund Burke* and *John Cosgrove* for appellants.

(1) The prevailing party is entitled to recover costs, unless there is a different rule prescribed by law. R. S. 1899, sec. 1547. (2) Cases in trespass or in ejectment if sustained partake of the nature of wrongs and will support actions *ex delicto,* and in those cases, although the plaintiff set up several counts in their petition, they are entitled to recover their costs, if they recover on any of the counts of their petition, and the court has no right to tax any of the costs against them. Dupont v. McLaren, 61 Mo. 511; Vineyard v. Lynch, 86 Mo. 684; Hecht v. Heimann, 81 Mo. App. 373; Wischmeyer v. Richardson, 153 Mo. 559; R. S. 1899, sec. 1547; Vanderburg v. Gas Co., 199 Mo. 461; Bybee v. Irons, 33 Mo. App. 659; R. S. 1899, sec. 1552; Vineyard v. Lynch, 86 Mo. 684; Acks v. Ball, 14 Mo. 396; St. Louis v. Gaslight Co., 11 Mo. App. 241; Miller v. Muegge, 27 Mo. App. 670, 675; Shed v. Railroad, 67 Mo. 687; Gordons v. Maupin, 10 Mo. 352; Ford v. Railroad, 29 Mo. App. 616; State v. Trust Co., 70 Mo. App. 315; Haseltine v. Railroad, 39 Mo. App. 434.

*R. M. Embry,* for respondent, filed no brief.

BROADDUS, P. J.—This is an appeal by plaintiff's from a judgment of the court taxing against them certain cost incurred during the proceedings.

The action was ejectment. The defendant was duly served to appear at the January term of the court for the year 1905, it being the ninth day of said month. After service of summons upon defendant and a short time prior to the beginning of the term, his attorney notified plaintiff's attorney that he would file a motion to require the plaintiffs to give security for the costs in the case. Under rule 7 of said court, all motions for security of costs were required to be filed on or before the day upon which such cause is set for trial.

On the 3rd day of January, 1905, the defendant caused to be issued out of the office of the clerk three subpoenas for twenty-one witnesses to appear in said cause in his behalf on the tenth day of said month of whom only ten (10) testified in the case. On the fifth of said month subpoenas were issued in behalf of plaintiff for the attendance of twenty witnesses. On the 9th day of January defendant filed a demurrer to plaintiffs' petition which was sustained by the court on the 11th day of January whereupon on the said last-named day the plaintiffs with leave of court filed an amended petition to which on the 12th day of January defendant filed an answer and counterclaim and on the same day the plaintiff filed a reply. At the time the court sustained the demurrer to plaintiffs' petition it was announced in open court that the answer to the proposed amended petition would be a general denial. No motion at any time was filed requiring plaintiff to give security for cost. On the trial a lease was introduced as evidence by plaintiffs and in connection therewith three witnesses were introduced, to wit, Charles P. Spielier, S. H. Johnson and J. Gump. The defendant introduced witnesses in support of its answer and counterclaim. The plaintiffs introduced no other witnesses than those named. The finding and judgment were in favor of plaintiffs.

This judgment was in favor of plaintiffs for the cost of the case. Afterwards on the same day the court made an additional order in reference to the taxation of cost, viz.; that the cost of all witnesses used in the trial of the cause be adjudged against the defendant and that the cost of all witnesses not used in trial of the case be adjudged against the plaintiffs which included all plaintiffs' witnesses except those mentioned and also all the defendant witnesses, and included the fees due the clerk for issuing subpoenas for the witnesses and also the fees of the sheriff for serving them.

On the 21st of January the plaintiffs filed a motion to have the cost adjudged against them set aside which motion was continued until the 5th day of May, 1905, and on that day by leave of court was withdrawn and on the same day by leave of court refiled; whereupon defendant's attorney stated to the court that he consented that all claims for witness fees for the third day would be assumed by the defendant. The motion came up for hearing again on the 27th day of May whereupon Mr. Emery, defendant's attorney, testified that after he had determined to file a demurrer to the petition of plaintiffs he had all of his witnesses summoned; that he retained some of his witnesses after the demurrer had been sustained for the purpose of trial after the issues were made up but he could not tell how many. The motion was not taken up again until the 12th of January, 1906, when the plaintiffs offered the following declaration of law namely: "The cost in this case should all be taxed against the defendant unless it shall appear from the evidence, that the plaintiffs summoned witnesses vexatiously and there is no evidence of any witness summoned vexatiously and for the purpose of making unnecessary cost." This declaration of law the court refused. The court overruled plaintiffs' motion to retax the cost except to the extent of $34.35 and adjudged all the remaining cost amounting to $98.70 against the plaintiffs.

The question of cost is a matter regulated by the statute. Section 1547, Revised Statutes 1899, provides that "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Section 1548 of the same statute provides as follows: "On all motions the court may give or refuse costs at its discretion, unless where it is otherwise provided by law." And section 1549, idem, provides that "When any defendant, in any ac-

tion, shall plead several matters, any of which shall, upon demurrer joined, be adjudged insufficient, or if a verdict shall be found on any issue in the case for plaintiff, costs shall be given at the discretion of the court." Section 1550, and 1551, also provide in what cases the court may tax cost at discretion. They read as follows:

Sec. 1550. "Where there are several counts in any petition, and any one of them be adjudged insufficient, or a verdict on any issue joined thereon, shall be found for the defendant, costs shall be awarded at the discre·tion of the court."

Sec. 1551. "Where several persons are made defendants to any action, and any one or more of them shall have judgment in his favor, every person so having judgment shall recover his costs, in like manner as if such judgment had been entered in favor of all the defendants, unless it shall appear to the court that there was reasonable cause for making such person defendant to such action."

This case being one of ejectment and the answer a general denial, and a plea of counterclaim does not bring the question of cost within the provisions of the statute giving discretionary power to the court to tax cost.

Section 1552, idem, provides as follows:

Sec. 1552. "In all actions not founded on contract, the damages claimed in the petition shall determine the jurisdiction of the court, and if the plaintiff recover any damages he shall recover his cost." This being an action *ex delicto,* under said latter section the cost should have all been taxed against the defendant and in favor of plaintiff. [Dupont v. McLaren, 61 Mo. 511; Vineyard v. Lynch, 86 Mo. 684; Hecht v. Heimann, 81 Mo. 373.]

It was made to appear that plaintiffs did not have the witnesses summoned in their behalf for the purpose

of vexation; that they were not guilty of any intentional wrongdoing and that they acted in good faith. There appears to be no good reason for taxing the cost pertaining thereto against them.    The cause is reversed and remanded with directions to tax all the costs in favor of plaintiffs against defendant.    All concur.