W. I. O'DONNILEY, PLAINTIFF IN ERROR, v. FLOYD KINLEY, DEFENDANT IN ERROR.*

In the Springfield Court of Appeals. Opinion filed July 17, 1926.

1.—Infants—Necessaries. Food, raiment, and merchandise furnished an infant and his family are necessaries and the minor cannot repudiate his contract for such commodities.

2.—Same—Same—Articles Purchased for Business Purpose not Necessaries. In action against minor on note secured by chattel mortgage given to secure advances of groceries and hay and corn, latter articles being used in carrying on agricultural business of defendant, held hay and corn are not to be considered as necessaries, under rule that articles purchased by minor for business purposes are not deemed necessaries, even though infant depends on his business for support.

3.—Same—Same—Method of Recovery, in Suit on Note. Showing that consideration for minor's note, or large part of consideration, was for neces-

saries, does not entitle plaintiff to recover amount of the note, without proof of the reasonable value of such necessaries.

**4.—Same—Same—Recovering for Necessaries—Extent of Recovery.** Extent of recovery against a minor for necessaries depends upon the reasonable value of the necessaries, and such value, and not the contract price, must be shown, minor's liability being founded on implied contract to pay for necessaries, rather than the express contract he made.

**5—Same—Same—Articles Held not Necessaries.** In action against minor on note secured by chattel mortgage given to secure advances of teams, harness and supplies to be used by defendant in his business, instruction directing finding for plaintiff on theory that such articles were reasonably necessary to defendant in making a crop held properly refused, under rule that articles purchased by minor for business purposes cannot be deemed necessaries, even though the minor depends upon his business for support.

**6.—Costs—Replevin—Costs Held Improperly Taxed Against Plaintiff.** Where plaintiff in replevin suit recovered only so much of property as defendant by answer admitted plaintiff was entitled to, held, that, taxing of all costs against plaintiff was improper; defendant's admission being insufficient to constitute an offer in writing to compromise or a valid tender under sections 1395, 1713, Revised Statutes of 1919.

**7.—Replevin—Costs.** Section 1698, Revised Statutes of 1919, authorizing recovery of costs in actions not founded on contract in which plaintiff recovers any damages, applies to replevin suits.

**8.—Costs—Taxing Costs in Actions Not Founded on Contract—No Discretion in Trial Court.** Section 1696, Revised Statutes of 1919, which gives the trial court discretion in taxing costs, does not apply to actions not founded on contract.

*Corpus Juris-Cyc. References: Costs, 15CJ, p. 26, n. 69, New; p. 80, n. 35; Infants, 31CJ, p. 1075, n. 41; p. 1076, n. 63; p. 1078, n. 33, New, 39; Replevin, 34Cyc, p. 1556, n. 76, New.

Error to Circuit Court of Pemiscot County.—Hon. Henry C. Riley, Judge.

JUDGMENT ON MERITS AFFIRMED, BUT REVERSED AND REMANDED WITH DIRECTIONS TO RETAX COSTS.

*Ward & Reeves* for plaintiff in error.

(1) (a) We urge that the court committed reversible error in refusing the plaintiff's offered instructions and also in giving the defendant's instructions, and that the case was submitted to the jury upon an entirely erroneous theory of law. The evidence admits that the note for $150 which was secured by the chattel mortgage on the crops of corn and cotton was given for necessary mechandise and groceries furnished to and consumed by the defendant and his family. This mortgage was therefore certainly good to the extent of the value of the merchandise so furnished the defendant, and the testimony concedes that the plaintiff furnished the defendant much

more than that for which the note was given. A minor's mortgage and note for necessaries is valid and binding on the minor and he cannot disavow or repudiate such a contract for necessaries. Walker v. Goodlett, 102 Ark. 383, 104 S. W. 189; Cooper v. State, 37 Ark. 421; Askey v. Williams, 74 Tex. 294, 11 S. W. 1105, 5 L. R. A. 176. (b) There can be no question whatever but that the food, raiment and merchandise furnished the defendant and his family were necessaries, and the minor could not therefore repudiate the contract. Paul v. Smith, 41 Mo. App. 275. (c) The $150 note and mortgage represented necessaries agreed to be furnished to the defendant. Necessaries far exceeding this amount, the evidence admits, were furnished defendant. The law is that notes given for necessaries or for money loaned which is expended for necessaries are binding obligations of a minor. 14 R. C. L. 227 & 259. (2) (a) We also assert in this case that the trial court committed error in refusing each of the plaintiff's instructions and in giving each of the instructions on behalf of the defendant, and that the cause was submitted to the jury on an erroneous theory, because the defendant at the time of the trial was over twenty-one years of age and he asserted and claimed title to his crops acquired under the rent contract, which contract also gave the plaintiff a lien on the crops for furnishings, loans and advances made to make the crop. In other words, the defendant could not, after reaching his majority, ratify a portion of his contract and at the time time disavow the other part of the same contract and retain the crops and benefits received by him under the contract. Section 2173, R. S. 1919; Zuck v. Harness & Carriage Co., 106 Mo. App. 566; 14 R. C. L. 226 & 247; 22 A. S. R. 306; 18 A. S. R. 659 & 703; 87 A. S. R. 326. (3) After the trial of this cause and before the motion for new trial was filed by plaintiff, the defendant filed a motion to re-tax the costs of the trial against the plaintiff. The court sustained this motion. This is one of the grounds of error set up in the plaintiff's motion for new trial. We understand the law to be that if the plaintiff in a replevin suit recovers any part of the property that then the plaintiff is entitled to recover all costs of the action. The court therefore committed error in this respect. Hecht v. Heimann, 81 Mo. App, 370; Lamm v. Railey, 127 Mo. App. 730.

*Mayes & Gossom* for defendant in error.

(1) In the trial of an action in replevin the taxing of the costs is in the discretion of the court and will not be interfered with by the court in the absence of an abuse of such discretion. The plaintiff in this case recovered only the property tendered him in the answer of the defendant, and therefore he should be taxed with the costs that accrued upon the trial of the case. Sec. 1697, R. S. 1919;

Bank v. Rothwell, 182 S. W. 989; Redman v. Thomas, 39 Mo. App. 143; Cummings v. King, 266 S. W. 750. (2) Where an infant tenders or delivers all the property received by him under a contract which he has left he may repudiate such contract. Zuck v. Turner, 106 Mo. 566; Eagleberger v. Shelton, 272 S. W. 698. (3) The term "necessaries" used relative to infants are not such things as are described in plaintiff's petition or reply. Paul v. Smith, 41 Mo. App. 275; Rhodes v. Frazier's Estate, 204 S. W. 547. (4) An infant is not estopped by misrepresentations made during infancy. Gerkey v. Hampe, 274 S. W. 510. (5) Instructions are erroneous when they are not within the purview of the pleadings; therefore plaintiff's instruction No. 4 was properly refused. State ex rel. v. Morrison, 244 Mo. 193; State ex rel. v. Ellison, 195 S. W. 722; Parker v. Drake, 220 S. W. 1000. (6) In a suit on a note against an infant for necessaries the reasonable value of such necessaries must be shown. The amount of the note would not be presumed to be the value of such necessaries. The extent of recovery is confined to the reasonable value of the necessaries and not to the amount of the note. 14 R. C. L., sec. 33, p. 254; Swoboda v. Nowak, 255 S. W. 1083-4. In a suit on a note, where infancy is the defense, the replication must allege the note was given for necessaries and of what they consisted. Burr v. Wilson, 18 Tex. 367; Gibbs v. Light Co., 125 S. W. 840, 142 Mo. App. 19; 31 Corpus Juris, sec. 339½, p. 1161.

BAILEY, J.—This is a suit in replevin to recover certain personal property consisting of two mules, harness, wagon, farming tools and a crop of cotton and corn grown by defendant during the year 1924, on a farm which he had leased from plaintiff. Plaintiff's claim for possession is based on two chattel mortgages, one securing a note in the sum of two hundred and ten dollars ($210) and the other securing a note in the sum of one hundred and fifty dollars ($150). The answer admits the execution of the notes and mortgages and that plaintiff is the owner and entitled to the possession of the mules, wagon and harness described in plaintiff's petition, but claims that defendant is entitled to the possession of the cotton, corn and farm tools in said petition described. And for further defense the answer sets up that defendant is an infant under the age of twenty-one and is not bound by the terms or conditions of said notes and mortgages. The answer further purports to make tender to plaintiff of said mules, wagon, harness and some hay and corn, which, it is alleged, constitutes all the property defendant now has in his possession of the original property received from plaintiff.

Plaintiff in his reply alleges that defendant is a married man and head of a family; denies that defendant is under the age of twenty-one and charges that the money and property furnished to defendant

by plaintiff covered by the notes and mortgages were necessary, and that defendant obtained the benefit therefrom by reason of which plaintiff is entitled to the property. The verdict of the jury was for plaintiff for the mules, wagon and harness described in plaintiff's petition and for defendant for the cotton, corn and farm tools.

Plaintiff brings the case here on writ of error from the judgment entered on said verdict. The evidence indicates that on the 24th day of January, 1924, defendant executed his note in the sum of two hundred and ten dollars ($210) secured by a Chattel mortgage dated February 1, 1924, on all the property in plaintiff's petition described. Later, on the 20th day of March, 1924, defendant executed another note in the sum of one hundred and fifty dollars ($150), on which is shown a credit of $61.50 secured by a chattel mortgage on only the corn and cotton crops, in said petition described. All the evidence as to the consideration for the one hundred and fifty dollar ($150) note is shown in the testimony of plaintiff and defendant respectively.

Defendant on cross-examination testified as follows: "Now the mortgage for $150 offered in evidence was for supplies and some hay and corn, for groceries and the groceries were for me and my wife to eat while we were making this crop, and of course, they were necessary for me to have. That $150 note was for the necessaries of life. I got some hay from Mr. O'Donniley, also and that hay was used in making this crop, and it was necessary for that purpose."

Plaintiff testified as to the articles furnished him as follows: "Referring to the groceries I furnished him, I have the items here for each day, and the amount on each day—made the tickets in duplicate. He started on February 23rd, and the total amount is $497.67, less $140. The total amount I furnished him was $497.67, less $140 for the wagon, team and harness—that includes his corn and hay."

No question arises in this case as to any property involved except the corn and cotton crops covered by both chattel mortgages. It is claimed that the evidence, heretofore set out on the part of defendant, is an admission that the consideration for the one hundred and fifty dollar ($150) note was for necessary merchandise and groceries furnished to and consumed by defendant and his family. If that evidence justifies such conclusion, then, on a proper showing of the value of such necessaries, we would have no hesitancy in holding that the chattel mortgage and note were valid and binding obligations on the minor defendant to the extent, at least that the value thereof might be proven. [Askey v. Smith, 74 Texas 294, 11 S. W. 1105, 5 L. A. 176; Walker v. Goodlett, 102 Ark. 383, 104 S. W. 189.] It has long been recognized as the law in this State that food, raiment and merchandise furnished an infant and his family are necessaries and the minor cannot repudiate his contract for such commodities. [Paul v. Smith, 41 Mo. App. 280.] We are of the opinion, however, that

defendant's evidence cannot be construed as an admission that the sole consideration for the $150 note was what might be termed necessaries. His evidence does show he obtained groceries which were included in said $150 note, but the evidence also shows that he received hay and corn. We do not believe that under the law of this State hay and corn may be considered as necessaries even when used in carrying on the business of the minor. It is true that the corn was to be used for the purpose of feeding the mules used in cultivating the farm, which was the sort of business in which defendant was engaged. As a matter of justice this would seem to be a necessity, because the mules had to be fed and defendant had to use them in earning a livelihood for himself and family. However, we are inclined to follow the long standing rule of law announced in the case of Paul v. Smith, 41 Mo. App. 280, wherein, it is said: "Articles purchased for business purposes, either agricultural or commercial, cannot be deemed necessary, and that too, when the infant depends upon his business for support." [Cases cited.]

But even granting that the consideration, or at least a large part of the consideration, for the $150 was for necessaries, it does not follow that plaintiff, without proof of the reasonable value of such necessaries, can recover the amount of the note. There is no proof whatever in this record as to the reasonable value of any of the articles of merchandise or groceries furnished defendant on this note. It seems to be a well-founded rule of law that the extent of the recovery depends upon the reasonable value of the necessaries.

In the case of Gregory v. Lee (Conn.), 25 R. L. A. 618, the law is thus stated: "Where an infant agrees to pay a stipulated price for such necessaries, the parties furnishing them can recover not necessarily that price, but only the fair and reasonable value of the necessaries." In 14 R. C. L. 255, the following language is used: "It is however, inaccurate, strictly speaking, to say that the infant's contract, if for necessaries, is valid and binding upon him. The more accurate statement is, that he is liable to pay the reasonable value of such necessaries as he has purchased and received; or, as it is sometimes expressed, he is liable on the implied contract, but not on the expressed contract which he made."

We are certain this rule of law is reasonable and that in order to entitle recovery against an infant for necessaries, the contract may be inquired into and the value of such necessaries and not the contract price must be shown. [Swoboda v. Nowak, 255 S. W. (Mo. App.) l. c. 1082.] Plaintiff's instruction No. 4, which practically directed a verdict for plaintiff in so far as the note given for necessaries was concerned, was therefore properly refused.

Plaintiff also complains of the refusal of the court to give his instruction No. 2, which directed the jury to find for plaintiff if they

220 Mo. App.—19.

found that the consideration for said mortgage was for teams, harness and supplies reasonably necessary for use of defendant in making a crop. Under the rule announced in Paul v. Smith, supra, this instruction was properly refused.

Error is further assigned because of the action of the trial court in sustaining defendant's motion to re-tax all the costs in the case against plaintiff. Defendant by his answer admitted plaintiff's right to the possession of a part of the property claimed and by the verdict of the jury plaintiff obtained judgment for no more. The contention is made, however, that in a replevin suit if plaintiff recovers any part of the property claimed, he is entitled to recover his costs. [Hecht v. Heimann, 81 Mo. App. 370; Lamm v. Railey, 127 Mo. App. 726, 106 S. W. 1095.] In the case at bar the answer admits plaintiff is entitled to the possession of part of the property claimed. This answer cannot be construed as an offer in writing to compromise, as provided by section 1395, Revised Statutes 1919, nor is it a valid tender as provided by section 1713, Revised Statutes 1919. The answer was more in the nature of a return of the property in the possession of defendant, which he had obtained from plaintiff and, in order to make available his repudiation of his contract on the ground of infancy, the answer did no more than defendant was bound to do.

Section 1698, Revised Statutes 1919, provides that in actions not founded on contract if plaintiff recovers any damages he shall recover his costs. This section has been construed to apply to replevin suits. [Hecht v. Heimann, supra.]

In the absence of an offer of compromise or a tender of the property as contemplated by our statute heretofore referred to, we are of the opinion the trial court had no right to tax the costs against the plaintiff after he recovered a part of the property claimed. The statute, section 1696, Revised Statutes 1919, which gives the trial court discretion in taxing costs, does not apply to actions not founded on contract. [Haseltine v. Ry. Co., 39 App. 434.] We, therefore, hold the trial court erred in retaxing costs against plaintiff. The judgment on the merits should therefore be affirmed but the cause reversed and remanded with directions that the costs be taxed against defendant. It is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.