**Harry E. JOHNSON (Plaintiff), Appellant,**

v.

**Garrie HORTON (Defendant), Respondent.**

No. 30571.

St. Louis Court of Appeals.

Missouri.

Feb. 27, 1961.

Motion for Rehearing or to Transfer to Supreme Court Denied March 24, 1961.

Harry E. Johnson, pro se.

Garrie Horton, pro se.

WOLFE, Judge.

This is an action for rent and damages to property, brought by a landlord, who appeared below and here as attorney pro se. The suit was filed in the Magistrate Court, where there was a judgment for the defendant. The plaintiff appealed to the Circuit Court, and the defendant, who was also without counsel, again prevailed. From the judgment of the Circuit Court in favor of the defendant, the plaintiff prosecutes this appeal.

The plaintiff took the stand and stated that on October 3, 1958, he rented three furnished rooms to the defendant at 1423 Mallinckrodt Street in St. Louis, and that the defendant occupied these rooms with his wife until February 24, 1959. On that date defendant moved out, owing rent from February 19, 1959. Plaintiff stated that he was seeking one week's rent of $10 "plus one week of notice in lieu of intent to terminate tenancy".

He further stated that the tenant had removed four window shades; that one breakfast chair was broken all to pieces; and that the defendant did not surrender the key. The petition listed the items of damages claimed as follows:

| "4 Window shades taken down and disposed of at $1.00 ea. | $4.00 |
| 1 Breakfast Chair broken up | 5.00 |
| 1 Door key taken, not turned in | 1.00 |
| 1 Night Latch (Door Lock) broken off, busting door facing, by forcing door open. Material and labor to replace, | 7.00 |
| Total damage | $17.00" |

Plaintiff stated that he suffered damages "all for a total of $17.00 as itemized in my petition". The plaintiff's mother testified in his behalf, but her testimony was chiefly about noisy motorcycles that the defendant and his visiting friends drove. She said that defendant moved out during the night and did not leave the key with her. She also said that the shades "were destroyed or taken or what happened", and that the door was broken. She said that a chair belonging to a set was broken.

With this plaintiff closed the case, and the defendant took the stand, testifying in his own behalf. He said that he paid his rent on pay day. He said that at the time he moved he owed two days' rent, and that he had offered to pay that "the last time we were here and he would not accept it." He said that he had told the plaintiff he was going to move about a week before he did so, and the plaintiff interposed. "One time you said three days and the next time two days." The defendant said that he moved out on Tuesday upon returning from work.

As for the alleged damages, he said there were no window shades. He said that there were some strips of green paper nailed to rollers with large tacks, and that he had taken these down. He said that two of them were left in a closet and two of them were on the porch. As for the chair, he said that it was not part of a set and that it was broken when they moved into the place. He said that he had just pushed the door and the night latch that had been nailed on fell off. He said, "I didn't hit it hard or anything."

The plaintiff stated, "For the record I would like to establish that the man, by being under age, I believe, perhaps, under age, the housing accommodations were a necessity."

The court asked the defendant how old he was, and the defendant replied that he was twenty years old but that he was only nineteen when he was living in the plaintiff's rooms. This concluded the evidence and the court found in favor of the defendant.

■ The plaintiff raises nine points on appeal. Six of these allege error on the part of the trial court in failing to appoint a guardian ad litem when it was disclosed that the defendant was only nineteen years of age at the time that he entered the alleged rental agreement. The plaintiff at no time requested that the court appoint a guardian ad litem, and he is in no position to charge that the court erred in failing to do that which he at no time requested. Guardians ad litem are appointed for the protection of the interest of an infant litigant. The only interest that a plaintiff suing an infant defendant has in the appointment of a guardian for the defendant is that such appointment is necessary to the regularity of any judgment that he might obtain against the infant. Since he obtained no judgment against the defendant, he was in no way prejudiced and the points are without merit.

■ Of the other points raised, the only one discussed in his argument is his eighth point, which is: "The trial court erred in not finding that *'an infant is liable for the reasonable value of necessaries supplied to him or his family,* unless his *parents or guardian* has already made provision for the articles furnished." The rule of law that he sets forth in this point is in general conformity with Missouri law. As held in Merrick v. Stephens, Mo.App., 337 S.W.2d 713, loc. cit. 720:

"If the minor is emancipated and does not have the parental roof for shelter, and if he is married (or marrying), with a wife for whom he is obligated to furnish shelter and lodging, the purchase or lease of a home can, depending upon the individual circumstances, become a *necessity.* It has been so held. Johnson v. Newberry, Tex.Com.App., 267 S.W. 476, and Newberry v. Johnson, Tex.Civ.App., 274 S.W. 667; Lindsey v. Hubbard, 74 S.Dak. 114, 49 N.W.2d 299; Ragan v. Williams, 220 Ala. 590, 127 So. 190, 68 A.L.R. 1182; State ex rel. Myers v. Hodge, 129 W.Va. 820, 42 S.E.2d 23. * * *

"The difficulty in enforcing contracts for the purchase of necessary lodging or home by emancipated minors is compounded by the manner of arriving at the amount of recovery. The general, but not unanimous, rule has been said to be that liability of infants (as a general class of persons) for necessaries (as a general class of objects) is not based on express contract but on contract implied in law. Hence in theory at least recovery is for the reasonable value and not for the purchase price. Williston on Contracts, 3rd ed., vol. 2, sec. 240, p. 49; Page on the Law of Contracts, 2nd ed., vol. 3, sec. 1586 (but see note 1 thereunder); 43 C.J.S. Infants § 78c, p. 194; see O'Donniley v. Kinley, 220 Mo.App. 284, 286 S.W. 140."

It is apparent, however, that the rule affords the plaintiff no relief, for there

was no evidence that the defendant was not supplied with suitable housing by his parent or guardian, and neither is there any evidence of the reasonable rental value of the rooms occupied.

The judgment is affirmed.

ANDERSON, P. J., and BLAIR, Special Judge, concur.

RUDDY, J., not participating.