———o———

M. C. FARWELL, Respondent, vs. JOHN EASTON, et al., Appellants.

1. *Landlord and tenant—Use of property not contemplated by lease—Forfeiture, what ground for.*—From the terms of a lease it appeared that the lessees, who were trustees of the order of Good Templars, were to use the premises for the Templars, and for a law and land office; that one of them opened on

the premises a justice's court; and there was no proof that the land had been sub-let to him. It was held competent to show by parol that he had always paid rent as such trustee, and not otherwise, and it was held that his use of the property for a justice's court was a prohibited use, and, during its continuance, a cause of forfeiture, not waived by the receipt of rent accrued after the original breach. And in such case it was immaterial that in fact the use of the property for the purpose permitted by the lease, and that adopted were not materially different. Whether there was sufficient reason for the limitation as to use, and whether it should be enforced, was a matter for the determination of the landlord.

2. *Unlawful detainer—Judgment in, what proper.*—In an action of unlawful detainer, a mere money judgment is erroneous. The judgment should be for possession of the property, and also for damages.

### *Appeal from Barton Circuit Court.*

*W. H. Phelps*, for Appellants, cited : Jeffries vs. McLean, 12 Mo. 538 ; Garnhart vs. Finney, 40 Mo. 449 ; Tayl. Land. & Ten. §§ 497, 498 ; Coon vs. Bricket, 1 N. H. 163 ; Cowp. 803 ; Ware vs. Wade, 34 Cal. 145 ; Dawson vs. Coles, 16 Johns. 51.

*J. W. Sinnet*, for Respondent, cited : Wagn. Stat., ch. 61, § 39 ; ch. 85, §§ 10, 11 ; Tayl. Land. and Ten. p. 363, § 500 ; 1 Washb. R. P. 320 ; Lessee of Sperry vs. Pond, 5 Ohio, 388.

HOUGH, Judge, delivered the opinion of the court.

This was an action of unlawful detainer. In August, 1869, the plaintiff leased certain premises in Carthage, Jasper county, Missouri, to Paul E. Sandige, J. J. Hall and John Easton, trustees of Carthage Lodge number 201, of the Independent order of Good Templars, of the town of Carthage, for the period of one year. It was provided in the lease that the rent should be paid monthly in advance, and that for a failure to pay any instalment of rent for the period of ten days after the same became due, the lease was to become void. The lease contained a clause which forbade any underlease, except for a law and land office.

Soon after the execution of the lease, the defendant, Easton, established in said premises his office as justice of the peace, of which plaintiff had knowledge. The rent was regularly paid to the plaintiff up to December, 1869, when he transferred all his right as lessor to Maas & Cohn, to whom the instalment, due in

December, was paid. They re-transferred to plaintiff in January, 1870, with an order for the rent. The instalment for January was not paid, and on the 2d day of February, 1870, after demand made in writing for the possession of the premises, the plaintiff instituted the present action, claiming a forfeiture of the lease for non-payment of rent, and because the premises were used for purposes prohibited by the lease. Evidence was received against the objections of defendants, to show that the rent received from defendants was paid by them as trustees of the order of Good Templars, and that no rent had ever been paid by or received from the defendant Easton in an individual capacity.

By what authority Easton opened an office as justice of the peace in the leased premises, does not appear. There was no testimony to show that he was a sub-tenant of the trustees.

The circuit court ruled, at the instance of the defendants, that the plaintiff could not recover on account of non-payment of rent without a demand therefor. There was no evidence of such demand. This point, having been decided in favor of appellants, need not be further noticed.

The court further ruled that, as the premises were used for a purpose forbidden by the lease, such forbidden use was a continuing cause of forfeiture, and that the receipt of rent by the plaintiff, after knowledge thereof, was no waiver of the forfeiture.

There was a finding and judgment for the plaintiff for the sum of $87.50, but no judgment for the possession.

No error was committed by the court in admitting parol testimony to show by whom and in what capacity rent was paid to the plaintiff. It was manifestly competent to show that the rent paid by Easton was not for his personal occupancy as a justice of the peace, holding under the trustees, but for the occupancy of himself and his co-lessees as trustees, and their associates, in the order of Good Templars.

It sufficiently appears from the terms of the lease that the premises were only to be used by the Good Templars, for the purpose of their organization, and for a law and land office. All other uses were by necessary implication prohibited. It does not appear that Easton had, or was ever recognized as having, any

rights as sub-tenant. If, therefore, the use of the premises by Easton for court purposes was a prohibited use, the continued use thereof for such purposes was a continuing cause of forfeiture, of which the landlord cannot be precluded from taking advantage, by reason of his having received rent which accrued after the breach was originally committed. (Tayl. Landl. & Ten. § 500, and authorities cited.)

The injury and inconvenience resulting from the use of the premises for a justice's office may not have been materially different from that which would have resulted from their use as a law and land office, but of this matter we are not to be the judges. If a landlord limits the uses to which the leased property may be put, he has a right to stand on the terms of his contract, and we have no right to say that there was no sufficient reason for such limitation, and that it shall not be enforced as written.

Under this view of the case, the circuit court committed no error in its ruling.

The judgment, however, cannot be permitted to stand as it appears in the record. A mere money judgment in an action of unlawful detainer is erroneous. On the finding of the court the plaintiff was entitled to a judgment for the possession of the premises, together with the damages found, and the judgment will therefore be reversed and the cause remanded, with directions to the circuit court to enter up such judgment as provided by the statute.

The other judges concur, except Judge Wagner, who is absent.