## FEHLHAFER, Respondent, v. REINERS, Appellant.

### (157 N. W. 1058.)

(File No. 3926.   Opinion filed May 27, 1916.)

1. **Appeals—Brief, Failure to State that all Evidence Included—Presumption as to Evidence—Verdict.**

   Where appellant's brief failed to state that it contains all the evidence material to presentation of the assignments of error as to insufficiency of evidence to support verdict, and concerning overruling of motion for directed verdict, it will be presumed that every fact necessary to sustain the verdict under the instructions was fully established by the evidence.

2. **New Trial—Surprise—Suit on Quantum Meruit—Evidence of Express Contract, and of Value—Voluntary Service.**

   In a suit on quantum meruit by a minor for services, held, that trial court did not err in refusing to grant a new trial on ground of surprise through introduction of evidence by plaintiff tending to prove an express contract, as well as in proof of value of services rendered; since such evidence was competent if trial court was correct in ruling that plaintiff must show his services not to have been voluntary; and, there being no burden of proof on respondent to show that the services were not voluntary, such evidence in proof of an express contract to pay was immaterial and without prejudice.

3. **Contracts—Minors—Suit for Work and Labor—Reasonableness of Verdict—Value, Not Agreement, as Measure.**

   In a suit by a minor for the value of services rendered, held, that, since the minor was not bound by his contract to render services for eight years, and the reasonableness of the verdict in his suit on quantum meriut for three years' services was to be determined by proof of the value of services rendered, and not by what the minor had agreed to receive for eight years' services, it will be presumed that the proof was ample to support the verdict, as against the contention that it was the result of passion and prejudice.

Appeal from Circuit Court, Lincoln County.   HON. JOSEPH W. JONES, Judge.

Action by Frank Fehlhafer, by his guardian at litem, Della A. Fehlhafer, against Joe Reiners, to recover on quantum meruit for services rendered.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Judgment and order affirmed.

*A. J. Keith,* and *L. M. Morris,* for Appellant.
*Harold G. Ledyard,* for Respondent.

(2) To point two of the opinion, Appellant cited: Rockwell v. Costram, 42 Pac. (Col.); Tennessee Mfg. Co. v. Minnie James, 15 L. R. A. 211.

Respondent cited: 13 Cyc. of Evidence 584-cl.: Pope v. Randalf, 13 Ala. 214.; Widrig v. Taggart, 51 Mich. 103, 16 N. W. 251; The Hotspur, 12 Fed. Cas. No. 6,720, 3 Sawy. 194.

WHITING, J. Judgment for plaintiff, a minor, on quantum meruit for services rendered defendant. Appeal from the judgment and from an order refusing a new trial.

It is the claim of appellant that the services were rendered under a contract entered into between appellant and plaintiff's father. Respondent contends that he, having been emancipated by his father, entered into a contract with appellant under which he performed the admitted services. The trial court instructed the jury that before respondent could recover "he must show that prior to rendering the services alleged he had been emancipated by his father, and, unless you find from the evidences that he was so emancipated, he cannot maintain this action, and your verdict must be for the defendant." The trial court also instructed the jury to the effect that before respondent could recover he must show that the services were not mere voluntary services, but that they were rendered under "an agreement, express or implied, to pay for such services, or unless the services were rendered at the request of the defendant or with his assent under such circumstances as to raise a presumption that the minor expected pay for such services, and that the defendant expected to pay the plaintiff therefor."

[1] Appellant moved for a directed verdict and assigns as error the overruling of such motion. He also assigns the insufficiency of the evidence to support the verdict. It does not appear by any statement in his brief that such brief contains all the evidence material to the presentation of such assignments. Chapter 172, Laws 1913; Supreme Court rule 6 (140 N. W. viii); Gilfillan v. Schaller, 32 S. D. 638, 144 N. W. 133; Peterson v. Miller, 33 S. D. 397, 146 N. W. 585. It will therefore be presumed that every fact necessary to sustain a verdict under the

above instructions was fully established by the evidence. That being true, neither of the above assignments are supported by the printed record.

Appellant assigns as error the refusal of the trial court to give certain instructions requested and the giving of certain instructions. The instructions given were, if anything, more favorable to appellant than they should have been. Neither the instructions excepted to nor those refused present any question of law of sufficient importance to merit consideration.

[2]   Respondent, seeking recovery on quantum meruit, introduced evidence to prove an express contract as well as evidence to prove value of services rendered. Appellant moved for a new trial on ground of surprise, alleging that he had no notice that respondent would claim that there was an express contract and had not prepared to meet proof thereof. Appellant assigns as error the refusal to grant such motion. There is no merit in this assignment. The evidence was competent if the trial court was correct in ruling that respondent must show his services not to have been voluntary. If such burden was not on respondent, then proof of such express contract was absolutely immaterial, and could not have been prejudicial to appellant. Most of such evidence was introduced without objection. Such objections as were interposed were insufficient to present the question now raised.

[3]   Appellant contends that, inasmuch as the verdict for services rendered during a period of some three years was for an amount equal to the value of that which respondent claims he was to receive for some eight years services under the express contract, the verdict must have been the result of prejudice and passion on the part of the jury. Appellant seems to lose sight of the fact that the express contract was made with one who was not bound thereby. The reasonableness of the verdict is to be determined by the proof of the value of the services rendered, and not by what this minor had agreed to receive for same. We must presume the proof ample to support such verdict.

There are no other assignments meriting our consideration.

The judgment and order appealed from are affirmed.