LARSON, et al., Respondents, v. BECKER, Appellant.

(199 N. W. 470.)

(File No. 5317.   Opinion filed June 26, 1924.)

1. **Jury—Stipulations—Trial—Party Precluded from Right by Stipulation.**

    Party by stipulating, "Action may and shall be tried before and by * * * one of the judges," etc., was precluded from demanding jury trial.

2. **Fraudulent Conveyances—Estoppel—Bulk Sales Law—No Defense to Seller that Contract Violates Bulk Sales Law.**

    Defendant's contract to deliver stock of merchandise can be enforced against him, though its due date was five days after its execution, while Bulk Sales Law (Rev. Code 1919, Sec. 914) requires seven days' notice to seller's creditors before buyer may safely pay price; such law being for protection of seller's creditors, and section 49 providing no one can take advantage of his own wrong.

3. **Specific Performance—Contracts—Sales—Contract Not Too Indefinite as to Stock of Goods.**

    Contract for delivery of stock of hardware, etc., in a certain town and of a certain inventory value, under evidence that it was a particular stock, held not too indefinite as to subject-matter for specific enforcement.

4. **Specific Performance—Vendor and Purchaser—Actions—Specific Performance—Granted of Contract to Deliver Goods for Deed of Land.**

    Defendant's contract to deliver stock of goods for plaintiff's deed of land, whether one of sale or exchange, may be specifically enforced.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Action by E. W. Larson and another against J. G. Becker. From judgment for plaintiffs and order denying new trial, defendant appeals.. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Carlson & Smith,* of Canton, *Bogue & Bogue,* of Parker, and *Parliman & Parliman,* of Sioux Falls, for Respondent.

(1)   To   point   one   of   the   opinion,   Appellant   cited:
Leisch v. Baer, (S. D.) 123 N. W. 719; Craigo v. Craigo, (S. D.)
118 N. W. 712; Anderson v. Chilson, 65 N. W. 435.

Respondents cited:   Crom. v. Henderson, (Ia.) 165 N. W.
397; Waters v. Pierson, (Ia.) 14 N. W. 1026; Perrin v. Chi-
dester, (Ia.) 139 N. W. 930; Ringer v. Baker, 57 N. Y. 209;
Shelly v. Mikkelson, (N. Dak.) 63 N. W. 210; Slimmer v. Mar-
tin, (N. Dak.) 172 N. W. 829.

(2)   To point two, Appellant cited:   Sec. 2015, subd. 4, Rev.
Code 1919; 12 L. R. A. (N. S.) 586.

(3)   To point three, Appellant cited:   Peck v. Levinger,
(Dak.) 50 N. W. 481; Holenbeck v. Prior, 5 Dak. 298.

Respondents cited:   Sec. 967 Rev. Code; Mundy v. Irwin,
(N. Mex.) Ann. Cas. 1918D, 713; Gilbert v. Sleeper, (Cal.) 12
Pac. 172; Gibson v. Riehle, 140 Pac. 933; McAlpine v. Union
P. R. R. Co., 23 Fed. 169, 129 U. S. 305; Kimball v. Statler,
(Ariz.) 176 Pac. 843; Sturtz v. Ommen, (S. D.) 143 N. W. 288.

(4)   To point four, Respondents cited:   Brows v. Smith,
109 Fed. 26; Perin v. Meigiben, 53 Fed. 86; Leach v. Fobes,
(Mass.) 71 A. D. 732; Dunham v. Slaughter, (Ill.) 109 N. E.
673; Clark v. Curtis, (Va.) 37 A. D. 625; Kipp v. Laun, 131
N. W. 418; Jones v. Pease, 21 Wis. 652; Young v. Porter,
(Wash.) 68 Pac. 362; Fleischman v. Woods, (Cal.) 67 Pac. 276.

GATES, J.   By an agreement in writing defendant agreed
to deliver to plaintiffs a stock of hardware, etc., at Avon, S. D.,
of the stipulated inventory value of $24,857.   Therefor plaintiffs
agreed to convey to defendant an incumbered half section of land
in which plaintiffs had a stipulated equity of $10,600; to pay de-
fendant $2,000 in cash, which they did; and to give defendant
their four promissory notes aggregating $10,400.   At the ap-
pointed time plaintiffs tendered performance of the things by them
to be performed.   Defendants refused performance.   This action
was brought to enforce specific performance of the contract.   The
trial court found for plaintiffs and adjudged that defendant pay
to the clerk of court $24,857, and that plaintiffs deposit with the
clerk a deed to the land with abstract of title and the above-men-
tioned promissory notes to be delivered to defendant upon pay-
ment of the judgment.   Defendant appeals from the judgment
and from an order denying new trial.

[1]   Appellant urges that the action was essentially one at law and that the court erred in overruling his demand for a jury trial.   The trial was had by the court without a jury pursuant to a stipulation that the "action may and shall be tried before and by the Hon. L. L. Fleeger, one of the judges," etc.   Appellant was thereby precluded from demanding a jury trial even if he would otherwise have been entitled thereto.

[2]   Appellant contends that a compliance with the contract would have been in violation of the Bulk Sales Law, §§ 914-921, Rev. Code 1919.   The due date of the contract was five days after its execution while said section 914 requires a seven days' notice to creditors before a purchaser of a stock of merchandise is justified in paying over the purchase price.   The Bulk Sales Law was enacted for the protection of the creditors of the owner of the stock of merchandise about to be transferred.   It was not intended to be used as a shield by this appellant in justification of his refusal to carry out his contract and did not prevent the trial court from enforcing it.   No one can take advantage of his own wrong.   Rev. Code 1919, § 49.

[3]   Appellant contends that the contract was indefinite as to subject-matter and therefore not capable of specific enforcement.   The contract called for a delivery to respondents of a stock of hardware, harness, paints, fixtures and tools in Avon, S. D., of the inventory value of $24,857.   The evidence on the part of respondents tended to show that the stock in contemplation was a particular stock then owned by a third person for which appellant had a contract of purchase, while the evidence on the part of appellant tended to show that no particular stock was contemplated but that a stock was to be made up by him.   The trial court evidently believed the testimony on behalf of respondents.

[4]   Appellant makes three further contentions which relate to each other and may be considered together, viz: (1)  That a court of equity will not enforce specific performance of a contract to transfer personal property; (2) that respondents' remedy was an action at law for damages; and (3) that specific performance cannot be had because the contract calls for an exchange of properties as distinguished from a contract of purchase and sale.

We think it unimportant whether the contract was one of sale or one of exchange. Specific performance of either is maintainable, the statutory requirements existing. Sturtz v. Ommen, 32 S. D. 396, 143 N. W. 288; Mundy v. Irwin, 20 N. M. 43, 145 Pac. 1080, Ann. Cas. 1918D, 713. If the situation had been reversed and respondents had refused to perform their part of the contract, there can be no doubt but that appellant could have maintained specific performance of their contract to convey the land. If the appellant had contracted to pay money for the land instead of paying in merchandise then there can be no doubt but that respondents could have maintained specific performance. The fact that appellant promised to pay in merchandise instead of in money did not deprive respondents of their remedy by specific performance. Southern Iron & E. Co. v. Vaughan, 201 Ala. 356, 78 South, 212, L. R. A. 1918E, 613.

No error appearing in the record, the judgment and order appealed from are affirmed.

Note.—Reported in 199 N. W. 470. See, Headnote (1), American Key-Numbered Digest, Jury, Key-No. 28(5), 35 C. J. Sec. 113; (2) Fraudulent conveyances, Key-No. 172(2), 27 C. J. Sec. 893; (3) Specific performance, Key-No. 20(1), 36 Cyc. 595 (1925 Anno.), Pomeroy's Equity Jurisprudence, 2d Ed., Sec. 2186; (4) Specific performance, Key-No. 69, 36 Cyc. 553 (1925 Anno.).

On statutory requirements on sale of stock of goods in bulk, see note in 2 L. R. A. (N. S.) 331.

On necessity of notice to creditors under Bulk Sales Law, see note in L. R. A. 1917F, 230.

On constitutionality of bulk sales legislation, see notes in 2 L. R. A. (N. S.) 331; 20 L. R. A. (N. S.) 160, L. R. A. 1915E, 917.