**MONNETT et v FLYNN, Sr. et**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3211. Decided June 12, 1940.

Fickell & Monnett, Columbus, plaintiff-appellant.

J. F. Ward, Columbus, for defendant-appellee.

**OPINION**

By GEIGER, J.

We have before us an appeal from the judgment and order of the Municipal Court of the City of Columbus in the consolidated cases Nos. 188,014 and 247,098, which consolidated cases are in this Court No. 3211.

There is some confusion arising from the method in which the docket and journal entries and the bill of exceptions have been prepared and presented.

The docket discloses that on December 1, 1932, a petition was filed in the Municipal Court by plaintiff against defendants in case No. 188,014. The petition is to the effect that defendants occupied a dwelling house belonging to the plaintiffs from the 5th day of February, 1931, to the 1st day of November, 1932; that Hugh Flynn, Jr., is a minor under the age of 21; that defendants were given repeated notices to vacate; that the use of the premises and accessories were reasonably worth $396.00 and were necessities.

Summons was issued to the bailiff for the defendants, which was returned showing that on the 1st of December, 1932, the bailiff served the writ on the within named Hugh Flynn, Sr., and Hugh Flynn, Jr., by mailing a true and certified copy thereof with all endorsements thereon for each of them at 882 Oak Street, Columbus, Ohio.

Upon application, Edward J. Greely was appointed guardian ad litem for Hugh Flynn, Jr. and filed the usual guardian ad litem answer.

Hugh Flynn, Sr., denied all the allegations of the petition.

On the third day of February, 1933, the docket discloses, "Case called. Plaintiff in court, defendant not appearing. Default judgment for plaintiff for $390.00 with interest and costs of suit."

We do not find any other reference to the entry than the above notation, neither is there exhibited a formal journal entry.

At the time of this judgment, Hugh Flynn, Jr., was a minor of about the age of 19 years, although we must judge of his then age from other matters than appear in the pleadings or evidence. The case seems to have been dormant from the date of the judgment entry until April 21, 1939, when a conditional order of reviver of judgment was signed and allowed, the same

being served on the former guardian by delivering of a copy and upon Hugh Flynn, Jr., and Hugh Flynn, Sr., by mailing a certified copy to each.

On May 9, 1939, the docket discloses this notation, "Judgment revived for plaintiff for $390.00 plus interest and costs." There does not appear to be any formal entry to this effect noted as a journal entry nor do we find any formal entry other than above noted.

On October 23, 1939, an affidavit in aid of execution was filed and notice issued showing service upon a debtor of Hugh Flynn, Jr.

On September 16th, the garnishee, The Ohio State Journal Company, filed an answer admitting they were indebted to the defendant without stating in what amount.

Thereafter, under date of September 22, 1939, the garnishee was ordered to pay into court the money belonging to the defendant, not exceeding $24.75, "being the amount of judgment rendered and costs of suit." We find no such judgment, the amount for which judgment was revived being $390.00. There is no showing that either this or any other amount was paid into court by the garnishee. On September 9, 1939, Hugh Flynn, Jr., moved the court to dismiss the proceedings in aid for the reason that the same was founded upon a void judgment taken against him by default at the time he was a minor, who had no actual knowledge of the proceeding; that his rights and his minority were not presented to the court for his protection as is required by law.

In support of this motion, he files an affidavit to the effect that the original action was one for rental of a dwelling house at which time and when the default judgment was rendered he was a minor; that without his knowledge or consent a guardian ad litem was appointed and that he now learns that the guardian filed an answer setting up his minority and asking for the protection of the court and that later he is informed that a default judgment was permitted to be taken against him and entered on the 3rd of February, 1933; that he is now of full age and in the employ of the Ohio State Journal Company and that the property sought to be attached is the personal earnings of this affiant and amounted to approximately $100.00 during the last thirty days; that he is not indebted to the plaintiff in any way.

There appears among the papers under the file number in Municipal Court, No. 247,098 what purports to be an answer of Hugh Flynn, Jr., setting up substantially the same matter herein noted in reference to the contents of an affidavit, wherein he prays that the petition be dismissed as to him and for other relief.

We are unable to tell from the filing whether this document is intended to be an answer in the original case or a petition in the new case seeking a modification of the judgment for the reason that he was a minor at the time the same was taken. Under that docket number there is an affidavit by Hugh Flynn, Sr., setting up certain matters, among them that in order that his son would not be humiliated and believing that he was not liable in any manner, he kept several papers from being handed to him and that Hugh Flynn, Jr., was never served with process as required by law and was never obligated to the plaintiffs and that he is now the chief support of his father.

Under the same number, the plaintiffs in the first case filed an answer setting up in detail matters they claim supported the former judgment principally to the effect that while the defendant was a minor, the judgment was for necessities. In this alleged answer, defendant prays for judgment against the plaintiff, Hugh Flynn, Jr., in the sum of $390.00 and in a still further cross-petition and reply they pray for judgment in the same amount.

The original plaintiffs being defendants in case No. 247,098 demur to what is called a petition.

Just how these several papers can be considered by us, they not having been identified in any way, we are not advised.

On the 15th of January, 1940, there appears in the transcript the following notation, "Case called, witnesses

sworn and testified. Trial had and concluded. Court finds for defendant, Hugh Flynn, Jr., for costs. Proceedings in aid of execution dismissed at cost of plaintiff. Issue clear release." There does not appear to be any formal docket entry or any reference to said proceedings other than above noted. On January 1, 1940, it is ordered that the two cases, Nos. 247,098 and 188,014, between the same parties be and they are hereby consolidated and all further proceedings in said consolidated case be had under the No. 188,014. This entry, such as it is, follows by nearly a week the entry reciting the trial of the case. We assume that on January 15, 1940, the Court was really trying the two cases as if they had already been consolidated.

A motion for new trial was filed and overruled and a notice given by the defendants in the consolidated case that they will appeal, from said order rendered by the judge, to the Court of Appeals. It is not very clear as to which case appellant makes reference to in that the only order of the court prior to the date of the notice of appeal is the consolidation order providing that all further proceedings be had under the original number. It may be safely assumed that the order from which the appeal is taken is that of January 15, 1940, exhibited in the transcript, but made prior to the consolidation.

Out of this confusion of issues we arrive at the point that the question at issue is not one for refusing to order the garnishee to pay money into court, but the order of the court of January 15, 1940, made before the consolidation and simply reciting as above stated, "Case called, witnesses sworn and testified. Trial had and concluded. Court finds for defendant, Hugh Flynn, Jr. for costs. Proceedings in aid of execution dismissed at cost of plaintiff. Issue clear release."

One so-called bill of exceptions is presented which discloses no evidence other than that of counsel for plaintiff, the most of which is covered by statements of counsel, but some of which appears in the form of testimony.

The only reason presented for setting aside the order of the Court against the defendant was that he was a minor at the time the judgment was secured and further, an affidavit to the effect that he never had been served with summons and that his interests as a minor were not properly safeguarded by the Court when the judgment was taken against him.

The claim that the minor was not properly served is based upon the fact that the return of the bailiff is to the effect that he was served by mail, whereas it is asserted that under §10245 the service must be made as therein provided. That section states that when the defendant is a minor, under the age of 14 years, the service must be upon him and his guardian or father, and upon neither of these being found, upon the person having him in control. If the minor be more than 14 years of age, service on him alone is sufficient. The manner of service may be the same as in case of an adult. As to service by mail see §11297-1 GC.

This minor was over 14 years of age, therefore, the service could be made upon him as upon an adult and under the statute relating to Columbus Municipal Court, service may be made by mail rather than personal service. We are, therefore, of opinion that the service was good. The judgment was taken while he was slightly under age. It was never sought to be disturbed until the minor had reached an earning capacity where it could be secured by garnisheeing his wages, some six or seven years after its rendition.

Another complaint is that the minor's interests were not properly cared for by the Court and his guardian ad litem. There is no presumption to this effect, nor it there any evidence sustaining it. The Court appointed a guardian ad litem, who made proper answer. Why he permitted the judgment to be taken by default does not appear and is not of consequence. The guardian ad litem, in his client's interest, may have concluded that there was no defense and that a trial was but an idle procedure.

The judgment was for house rent, a necessity furnished by the plaintiffs to the minor and his parents. The minor was liable for such necessities, although he secured the protection of the house not by virtue of contract ■ with its owner, but by virtue of simply occupying it with his parents. It, however, furnished him shelter and protection and he enjoyed it for more than a year and paid nothing for it. We see no reason why the judgment should be set aside for the reasons alleged in the minor's affidavit, but not supported by any other evidence. The plaintiffs secured a judgment, the minor has not sought to vacate it upon coming of age, he being now about 27 years old. See §11603 GC.

The appeal in this case has been so perfected that we might be justified in dismissing it, or at least remanding back for correction. However, we feel this would involve more expense than is justified.

Judgment of the court below reversed. Cause remanded.

HORNBECK, PJ. & BARNES, J., concur.

## APPLICATION FOR REHEARING

No. 3211. Decided July 15, 1940

BY THE COURT:

This matter is before the Court on application for rehearing. Hugh Flynn, Jr., one of the defendants-appellees asserts five enumerated reasons, which may be briefly stated:

(1) There was confusion in the papers filed by the appellants that mislead the Court.

(2) That because the case was submitted on memorandum and not orally, the Court did not get a true picture from the standpoint of appellant.

(3) That the Court is in error in holding a minor was liable for house rent contracted for by his parents.

(4) The decision expressed the opinion that the condition of the appeal was such that the Court might be justified in remanding the file for correction.

(5) Errors complained of.

The substance of the matter is that due to the confusion of the papers the Court has not comprehended the issue and that it not having been submitted orally, it should now be so submitted and that the Court is in error in holding the minor liable.

The fourth ground seems to misquote the Court in the statement, "In the decision the Court expressed the opinion that the appeal was not imperfect and that we might be justified, etc." From the opinion the Court did not make such a statement, but did state, "The appeal in this case has been so perfected that we might be justified in dismissing it or at least remanding back for correction." Counsel will understand what the Court meant by the use of the word "perfected" as it was used.

We have carefully re-read our opinion and while there is evidence that the Court had difficulty in working out the exact situation due to the confused state of the record, we appear to have solved the riddle and we find no ground in the first complaint.

We do not think counsel were prejudiced by submitting on brief rather than orally and that ground is overruled.

As to the third ground, counsel will find that a minor may be held liable for necessities. Had this point been raised at the time of the original trial, the result might have been different. The matter now before this court is whether a judgment taken for necessities against a minor is void or voidable and if voidable whether or not the statute does not definitely limit the time after majority in which that matter may be reviewed.

There is no merit in this ground.

The fourth ground we have already commented upon and the fifth is merely for other errors.

We are unable to detect any reason why this matter should be reheard.

Motion for rehearing denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.