AMERICAN LEGION HOLDING CORPORATION, Appellant, v. HUROWITZ, et al, Respondents

(30 N. W.2d 9.)

(File No. 8945. Opinion filed December 17, 1947.) Rehearing Denied Jan. 22, 1948.

**Everett A. Bogue,** of Vermillion, for Appellant.

**Danforth & Danforth,** of Sioux Falls, and **W. R. Cleland,** of Vermillion, for Respondents.

RUDOLPH, J. In November 1943 the defendants Philip Hurowitz and Rose Hurowitz leased certain property in the city of Vermillion. The lease was subsequently assigned by the lessor to the plaintiff in this action. The lease covered a term of three years from December 1, 1943 with the right of renewal for a "succeeding term", and provides that the lessees "will use said premises as a store and for no other purpose whatever; and that they especially will not use said premises, nor permit the same to be used, for any unlawful business or purpose whatever, * * *". There is the further provision in the lease as follows: "* * * upon a breach by the said lessee of the covenants herein contained, the said lessee will, without further notice of any kind, quit and surrender the possession and occupancy of the said premises * * *". In October 1946 the plaintiff served upon the defendants Philip and Rose Hurowitz a notice to quit the said premises on the 1st day of December 1946 and on the 28th day of October, 1946 these defendants served upon the plaintiff a notice of election to renew said lease as pro-

vided therein and thereafter tendered to the plaintiff each month the amount of the rent provided by the lease. This present action was started in December 1946 and seeks to dispossess the defendants and to require them to deliver up the possession of the property to the plaintiff. Judgment was entered in favor of the defendants and the plaintiff has appealed.

It is undisputed in this record and admitted by the pleading that the defendants Philip and Rose Hurowitz had been doing a general mercantile business in the said premises under the trade name of "Stop 'N Shop". The record discloses that the business conducted by the defendants was advertised under this trade name, the bank account was carried in this name, and the property was assessed in this name. The answer of the defendants Philip and Rose Hurowitz states and admits "that they have been conducting and still are conducting a mercantile business known generally as a grocery business in Vermillion, South Dakota, under the trade name of Stop 'N Shop, * * *". Under this record there can be no question but that these defendants conducted this business in the leased premises in violation of SDC 49.08 until some time in January 1947, after the commencement of this action, when they filed with the Clerk of Courts of Clay County the statement required by SDC 49.0801.

Plaintiff contends that conducting this business under this trade name in the leased premises in violation of SDC 49.08 was contrary to that provision of the lease above set out wherein the defendants covenanted and agreed that they would not use said premises or permit the same to be used for any unlawful business or purpose whatever. We are of the opinion that the plaintiff must be sustained in this contention. "* * * it is competent for the lessor to control the use of the demised premises by inserting such conditions in the lease, with reference to the use thereof, as he pleases, and it is not for the lessee to say that they are unreasonable." 32 Am. Jur., Landlord and Tenant, Sec. 205. SDC 49.0801 expressly provides that "It shall be unlawful for any person or copartnership to engage in or conduct a busi-

ness for profit in this state under any name which does not plainly show the true surname of each person interested in such business unless they shall first file a statement verified by all persons interested in such business, showing the name, post office address, and residence address of each person interested in the business and the address where the main office of such business is to be maintained." SDC 49.9901 provides that any person violating the provisions of SDC 49.08 shall be subject to a fine of not less than $25 nor more than $100 or by imprisonment in the county jail for a term not exceeding 30 days or both such fine and imprisonment and each day that any person or persons violate the provisions of said chapter shall be a separate and distinct offense. These provisions which make it unlawful to use a fictitious name in business and provide penalties came into our law by Chapter 155, Laws of 1933. Prior to 1933 the law simply provided that any partnership transacting business in this state under a fictitious name without filing the statement required, would not be permitted to maintain any action on or on account of any contracts made or transactions had in their partnership name in any court of this state, until they had first filed their certificate and made the publication required. Secs. 1334 and 1336, Rev. Code of 1919. Just why the Legislature in 1933 saw fit to make unlawful the transaction of business in this state under a fictitious name without first meeting certain requirements, is not of judicial concern when the validity of such action is not challenged. Sufficient to say is that the said Ch. 49.08 very explicitly makes it unlawful for any person to conduct business for profit without first filing the required statement and the penalties attached for a violation make it clear that the Legislature considered the matter one of major concern. Under the admitted facts of this record, we think it clear that the Hurowitzes were conducting their business in violation of SDC 49.08 and that in doing so they were acting unlawfully and subjecting themselves to the penalties provided in SDC 49.9901. In other words, the manner in which they were conducting their business was unlawful and in our opinion was in violation of that part of the lease which

provides that they will not use said premises for "any unlawful business or purpose whatever."

■■ It is contended that by accepting rents after knowing that defendants were doing business under the name of "Stop 'N Shop" that plaintiff has waived its right to claim a forfeiture under the provision of the lease. However, by conducting its business in violation of SDC 49.08 the defendants were continuing each day to violate the provisions of the lease and there was a continuing cause for a forfeiture under the terms of the lease. The rule as stated in McAdam on Landlord and Tenant, 5th Ed., p. 831, is as follows: "A continuing breach such as neglect to keep the premises insured, or to keep an orchard according to covenant, or a use of the premises in a manner or for a trade which is prohibited by the lease, or the like, is not waived by the taking of rent after the first breach." See also Taylor, Landlord and Tenant, Sec. 500; Farwell v. Easton, 63 Mo. 446; Big Six Development Co. v. Mitchell, 8 Cir., 138 F. 279, 1 L. R. A., N. S., 332; Shepard et al. v. Dye et al., 137 Wash. 180, 242 P. 381, 49 A. L. R. 824.

■ Throughout these entire proceedings all defendants have contended and testified to the fact that the business was at all times operated by Philip and Rose Hurowitz. The trial court so found, and it follows, that upon the issue of whether the business was conducted in violation of SDC 49.08, this testimony and finding are binding upon defendants.

The judgment appealed from is reversed.

All the Judges concur.