LINDSEY, Respondent, v. HUBBARD, Appellant

(49 N. W.2d 299)

(File No. 9119. Opinion filed October 2, 1951)

**Chas. E. Gorsuch,** Aberdeen, for Appellant.
**Ernest Gunderson,** Aberdeen, for Respondent.

SICKEL, J. This action was brought by M. J. Lindsey, plaintiff, against J. C. Hubbard, defendant, to recover the sum of $1,495 previously paid by plaintiff to defendant as the purchase price of a trailer house. Plaintiff's cause of action is founded upon the fact that he was a minor at the time of the transaction and the disaffirmance of the contract by plaintiff. Defendant alleges that the trailer house was purchased for use as a home and that it was necessary for the support of plaintiff and his wife. The circuit court entered judgment for the plaintiff and the defendant appeals.

Appellant's first contention is that the circuit court erred in denying appellant a trial by jury. The parties stipulated that this action be placed on the jury calendar "but that the question as to whether the case is a court case or a jury case may be argued before the court". Apparently the parties intended by this stipulation to leave the question open for determination by the court. The issue was presented to the court by counsel on February 11, 1949 and it was then ordered that the action be stricken from the jury calendar and placed on the court calendar. On March 11, 1949 counsel stipulated a time for trial "to be heard by the Honorable Van Buren Perry, Judge of the Fifth Judicial Circuit, in the chambers of said court, in the County Courthouse * * *". Pursuant to that stipulation the action came on to be heard at the time and place so stipulated and coun-

sel for appellant then took exception to the ruling of the court which placed the case on the court calendar, and the parties then proceeded with the trial.

 An action cannot be submitted to the court for trial without waiving a jury. Supervisors of Wayne County v. Kennicott, 103 U. S. 554, 26 L.Ed. 489. In Larson v. Becker, 47 S. D. 477, 199 N. W. 470, 471, the appellant urged that the action was one at law and demanded a jury trial, which was denied. This court said: "The trial was had by the court without a jury pursuant to a stipulation that the 'action may and shall be tried before and by the Hon. L. L. Fleeger, one of the judges,' etc. Appellant was thereby precluded from demanding a jury trial even if he would otherwise have been entitled thereto". A ruling of the circuit court placing the action on the court calendar is subject to review on appeal from the judgment without an express exception. SDC 33.1601. If defendant intended to reserve the right to a jury trial a clause to that effect might well have been incorporated in the stipulation, but this was not done. At the commencement of the trial defendant noted an exception to the order, but in my opinion this was merely an attempt to reserve a right of review after the right to a trial by jury had been waived. However, it is the view of my colleagues that the defendant effectively reserved the right to a review of the order by taking the exception referred to above and that he is entitled to a trial by jury as demanded.

At the trial appellant requested a finding that respondent and his wife purchased the trailer house to be used as a home; that it was so used, and that it was necessary for the use of respondent and his family. This proposed finding was refused and the ruling is assigned as error.

SDC 43.0105 reads as follows: "In all cases other than those specified in sections 43.0106 and 43.0107, the contract of a minor, if made while he is under the age of eighteen, may be disaffirmed by the minor himself, either before his majority or within one year's time afterwards; or in case of his death within that period, by his heirs or personal representatives; and, if the contract be made by the minor while he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from

whom it was received or paying its equivalent with interest". The exception contained in SDC 43.0106 reads as follows: "A minor cannot disaffirm a contract, otherwise valid, to pay· the reasonable value of things necessary for his support, or that of his family, entered into by him when not under the care of a parent or guardian able to provide for him or them".

It is well established as a matter of law that lodging or a home is a necessity for which a minor ·may bind himself by contract. Grace v. Hale, 2 Humph., Tenn., 27, 36 Am.Dec. 296; Ragan v. Williams, 220 Ala. 590; 127 So. 190, 68 A.L.R. 1182, Annotation 1185; Johnson v. Newberry, Tex.Com.App., 267 S.W. 476, see Newberry v. Johnson, Tex. Civ.App., 274 S.W. 667; 43 C.J.S., Infants, § 78b(2). Whether the trailer house was necessary as a lodging is a question of fact in this case.

According to SDC 43.0106 the minor's contract for necessaries may not be disaffirmed if it was entered into by the minor when not under the care of a parent or guardian able to provide for him. The amount to be recovered, if any, is the reasonable value of the necessaries not the sum agreed to be paid for the property. SDC 43.0106; 43 C.J.S.; Infants, § 78 a. The evidence shows that when the trailer house was purchased the minor was not living with his parents but with his wife in Aberdeen while attending college. He was earning $40 per month and his wife was earning $120 per month and this was their sole means of livelihood. During the following summer he increased his income by working for Sutton Brothers. He received no support from his parents at any time material to this case. The marriage of the minor child terminated the authority of the parents over him. SDC 14.0308. This evidence is sufficient in the absence of evidence to the contrary to establish the fact that the minor was not under the care of his parents at the time the contract in question was made. Therefore, the ability or inability of the parents to provide for the minor is immaterial in this case. Upon the evidence the requested finding should have been made.

For reasons stated the judgment of the circuit court is reversed.