LARSON, Respondent v. HURD, Appellant

(58 N. W.2d 402)

(File No. 9332. Opinion filed May 9, 1953)

**Harry Grant,** Sioux Falls, for Appellant.

**Henry C. Mundt, Acie W. Matthews,** Sioux Falls, for Respondent.

LEEDOM, J. ██ ██ Plaintiff by written agreement leased to defendant a building, equipment and fixtures for the operation of a restaurant. The agreement also provided that defendant would buy "certain merchandise" plaintiff had "on

hand". When defendant failed to pay the rent plaintiff sued. Defendant alleged as one of her defenses that the merchandise on hand constituted the stock in trade of a mercantile establishment and that its sale "in bulk" without compliance with the bulk sales law, SDC 54.03, rendered the lease provisions of the agreement unenforceable. The trial court held that this defense and all others interposed were not good and entered judgment against defendant who brings this appeal. The only question presented is whether or not failure to comply with the bulk sales law renders the lease provisions illegal and therefore unenforceable. We hold that such failure to comply with the bulk sales law did not invalidate the lease provisions and so affirm the judgment entered below.

Nothing in the evidence discloses the exact nature of the stock of merchandise involved. Appellant's answer indirectly alleges it consisted of all or some of such items as "prepared foods, cigarettes, cigars, tobaccos, candies, soft drinks, ice cream" although the only reference in the testimony to specific items is to "some old bottles of cake coloring * * * and * * * a lot of little cans of spices and stuff that were opened". These items were eliminated from the sale and the parties agreed on a price of $65 for the remaining stock. This sum was paid respondent when appellant took possession of the restaurant. The record clearly bears out respondent's contention that the sale of this merchandise, whatever it may have been, was incidental to the leasing of the building, the fixtures and equipment. Admittedly there was not compliance with the bulk sales law.

Appellant points out that under SDC 54.9901 it is a misdemeanor for a seller to fail to comply with certain requirements of the bulk sales law. Then seeking to establish the invalidity of the lease provisions by reliance on the alleged unlawful performance of the sale provision, and claiming the sale provision to be an inseparable part of the whole contract, appellant cites authority for the proposition that a contract forbidden by law and the making of which constitutes a criminal offense, is void. The fallacy of this position however lies in the fact that not even the sale provision is rendered unenforceable as between the parties through failure of com-

pliance with the bulk sales law. Larson v. Becker, 47 S.D. 477, 199 N.W. 470; 37 C.J.S., Fraudulent Conveyances, § 485, page 1354.

Appellant also relies on American Legion Holding Corporation v. Hurowitz, 72 S.D. 89, 30 N.W.2d 9. In that case the lease contained a covenant against unlawful use of the leased premises. The court held that operation of a mercantile establishment in the premises under a fictitious name in violation of the statute requiring the filing of a certificate disclosing the true owners of the business, constituted a breach of such covenant in the lease. According to our view the decision in American Legion Holding Corporation v. Hurowitz has no application to the issue in this case.

We do not reach the question as to whether or not the sale transaction here involved was actually subject to the bulk sales law. Annotations on this question appear in 168 A.L.R. 735, 748, and 762, 776, 782.

The judgment from which the appeal is taken is affirmed.

All the Judges concur.