Ballinger, d. b. a. Ballinger Trailer Sales, Appellant, *v.* Craig et al., Appellee.

(No. 2257—Decided November 16, 1953.)

*Messrs. Pickrel, Schaeffer & Ebeling,* for appellant.
*Mr. J. D. Chamberlain, Jr.,* for appellees.

Wiseman, P. J.  This is an appeal on questions of law from a judgment rendered by the Municipal Court of Dayton in favor of the defendants, appellees herein, in an action on a promissory note given in the purchase of a house trailer by the defendants, who were minors at the time of the execution of the note.

The defendants defended on the ground of minority, disaffirmed the contract, and claimed the trailer was not a necessary.  The trial court held that under the facts presented the trailer was not a necessary.  This ruling furnishes the sole ground of error.

Section 8382, General Code, in part, provides:

"When necessaries are sold and delivered to an infant, or to a person who by reason of mental incapacity or drunkenness is incompetent to contract, he must pay a reasonable price therefor.

"Necessaries in this section mean goods suitable to the condition in life of such infant or other person, and to his actual requirements at the time of delivery."

Under this section, in determining whether a given article is a necessary, two factors are involved, first, is the article suitable to the condition in life of the infant, and, second, is the article actually required at the time of delivery?

An article may be classified as suitable to the condition in life of the infant, but may not be actually required at the time of the delivery. The infant's requirements may be fully satisfied. Under one set of facts an article may be a necessary and under a different set of facts it may not be. A necessary is a relative term, depending upon the station in life and the actual requirements of the infant. 21 Ohio Jurisprudence, 876, Section 14.

In the case at bar the evidence shows that the defendants were husband and wife, were approximately 19 years of age at the time of the purchase, were both employed, and that prior to the purchase of the trailer they were living with the parents of the husband.

The basic reason for the principle of law which permits an infant to bind himself for necessaries is for his own welfare; otherwise, he may be deprived of the necessities of life. Lodging falls in the class of necessaries for which an infant may be bound. What particular kind of lodging is necessary, is a question of fact. *Johnson* v. *Newberry* (Texas), 267 S. W., 476. In that case the court held that a home belongs to that

class of things considered as necessaries. However, in that case the infant was in need of lodging. It was not furnished to him by a parent, as in the instant case. In that case the court observed this distinction, and quoted with approval from 14 Ruling Case Law, 256, a part of which is as follows:

" 'To enable an infant to contract for articles as necessaries, he must have been in actual need of them, and obliged to procure them for himself. They are not necessaries as to him, however necessary they may be in their nature, if he was already supplied with sufficient articles of the kind, or if he had a parent or guardian who was able and willing to supply them. The burden of proof is on the plaintiff to show that the infant was destitute of the articles, and had no way of procuring them except by his own contract.' "

In *Lindsey* v. *Hubbard,* 49 N. W. (2d), 299, it is held that lodging and a home is a necessary, but that whether a house trailer is a necessary is a question of fact. In that case, the minors were living away from the parents' home and receiving no support from them. However, in that case a statute of South Dakota was given controlling effect and provided that an infant may not disaffirm a contract for a necessary when not under the care of the parent. In *Monnett* v. *Flynn,* 32 Ohio Law Abs., 292, it was held that a minor is liable for house rent as a necessary, not by virtue of contract, but by virtue of occupying it with his parents. However, in that case it appears that a defense of minority was never asserted before judgment.

While it is regarded as a good social custom for the young married couple to reside apart from the parents, and while it may be advisable in the interests of family harmony, such custom or living apart does not in and of itself determine the legal liability of a minor for necessaries.

Under the facts in this case, we are of the opinion that a proper showing has not been made that defendants actually required the house trailer at the time of the delivery, due to the fact that defendants were furnished lodging by the husband's parents. Section 8382, General Code.

We have not considered the question, which appears not to have been raised by counsel, whether the plaintiff should not have sued for the reasonable value rather than on the note itself.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.