NELSON, Administrator, Respondent v. JENSEN, Appellant

(82 N.W. 2d 843)

(File No. 9544.   Opinion filed May 10, 1957)

**Gale B. Wyman,** Belle Fourche, **Roswell Bottum,** Rapid City, for Defendant-Appellant.

**Lem Overpeck, Larry M. Hamblin,** Belle Fourche, for Plaintiff-Respondent.

FRAME, Circuit Judge.   On the 29th day of October 1952, a contract was entered into between Thorvald Jensen and Gordon Nelson, by the terms of which Jensen agreed to sell to Gordon a one-half interest in a band of sheep which Nelson agreed to feed and care for in accordance with the terms set forth in said contract; Nelson took possession of

the band of sheep under the terms of said contract during the month of October 1952, and cared for and fed them until his death on May 21, 1953, at which time Jensen took possession of the sheep and cared for them thereafter.

Thereafter Robert E. Nelson was appointed administrator of the estate of Gordon Nelson, deceased, and instituted an action against Thorvald Jensen for an accounting to determine the value of the interest of his decedent in the band of sheep referred to in the said contract, their increase and wool taken from them, to which complaint an answer and cross-complaint were served and filed, followed by a reply by plaintiff, service of which was admitted by defendant's attorney on August 10, 1954. A notice of trial for the May 1954 term was served April 26, 1954, and the note of issue stated the issue to be one of law and fact to be tried to the court. No other notice of trial or stipulation for trial appears in the settled record.

There does appear in the record a letter by the trial judge to the attorneys of record, under date of March 3, 1955, suggesting that the pleadings be amended to seek recovery on quantum meruit, and that an action for accounting would not lie, and under date of March 11, 1955, the plaintiff did file an amended complaint according to the suggestion of the trial court; no answer to this complaint appears in the record, but the settled record indicates that it was understood that the answer to the original complaint should stand as the answer to the amended complaint.

On March 15, 1955, the defendant's attorney wrote a letter to the trial judge, demanding a jury trial, since the cause of action had been changed from an equity to a law action. On March 22, 1955, the trial judge wrote a letter to the attorneys for both parties denying the request of defendant's attorney for a jury trial, and urging that the evidence be submitted to the court without a jury, at the earliest date convenient to all parties. On April 8, 1955, when the case was called for trial before the court without a jury, when the court asked the attorneys if they were ready to proceed, the defendant's attorney stated, "I would like to check the record and find out whether or not there is an objection on the part of the defendant to the proceeding at

this time on the grounds that the cause of action has been changed. I made some remarks at the last meeting about objecting to the procedure, but I just don't want it done without objection."

Following this statement the parties proceeded to call witnesses and thereafter the issues were determined by the court. In defendant's objections to plaintiff's proposed findings of fact and conclusions of law there appears the following: "That there are no facts before the Court in this action authorizing the Court to deny the defendant the right to Jury trial on quantum meruit cause of action."

It is apparent from the above record that defendant was trying to protect his right to a jury trial, and that he certainly did not intend to waive that right. The objection made at the time the case was reopened, read in the light of the letter to the trial court demanding a jury trial, indicated that the defendant's attorney was trying to protect the record, and insisting upon a jury trial.

The procedure was irregular; the case had been partially tried; the complaint was then amended to state an entirely different cause of action, and one entitling the defendant to a jury trial.

The plaintiff's attorneys were advised by the letter of the trial judge, addressed to the attorneys for both parties, that the defendant was insisting on a jury trial. The letter of the trial judge to the attorneys for both parties denied the defendant's request for a jury trial.

On April 8, 1955, the evidence was submitted, and thereafter findings of fact and conclusions of law and judgment were entered on April 27, 1955, and an appeal was taken from said judgment.

The foregoing lengthy statement appears necessary for a determination of this case, and since we are convinced that the trial court erred in denying a jury trial, this decision will be confined to that matter.

Section 6 of Article VI of the Constitution of South Dakota provides:

"The right of trial by jury shall remain inviolate and shall extend to all cases at law without

regard to the amount in controversy, * * *."
SDC 33.1301 provides in part as follows:

> An issue of fact for recovery of money only or of specific real or personal property must be tried by a jury, unless jury trial is waived."

■ In this case the only notice of trial was given by plaintiff's attorneys of the issues as set forth in their original complaint for an accounting, and was served almost a year before the trial court notified the attorneys that such action would not lie, and directing the amendment of the pleadings to seek recovery on the quantum meruit, which is clearly a law action.

■ There was no waiver of his right to a jury trial by the defendant or his attorney, and no exception to the ruling of the court denying his demand for a jury trial was necessary under Section 33.1301; Lindsey v. Hubbard, 74 S.D. 114, 49 N.W.2d 299, and cases cited therein; and also 31 Am.Jur., Jury, § 11, p. 561.

This court has not passed on the identical point involved but see Lindsey v. Hubbard, supra.

Because of the error noted, the judgment appealed from is reversed, in order that the issues raised by the amended pleadings may be tried to a jury.

SMITH, P. J., and RUDOLPH and HANSON, JJ., concur.

ROBERTS, J., dissents.

FRAME, Circuit Judge, sitting for RENTTO, J. disqualified.