NELSON, Administrator, Respondent v. JENSEN, Appellant

(97 N.W.2d 630)

(File No. 9727.  Opinion filed July 13, 1959)

**Charles R. Hayes,** Deadwood, **Gale B. Wyman,** Belle Fourche, for Defendant and Appellant.

**Lem Overpeck, Larry M. Hamblin,** Belle Fourche, for Plaintiff and Respondent.

NORBECK, Circuit Judge. This matter has been before the court previously. The first trial was to the court without a jury and judgment was for the plaintiff. An appeal was taken on the grounds that defendant had been deprived of a jury trial; the judgment was reversed in order that a jury trial might be had. Our decision is reported in 76 S.D. 573, 82 N.W.2d 843.

On the second trial the jury returned a verdict for the plaintiff in the amount of $2,417.40 and the defendant has now appealed from the judgment entered on the verdict and from the order of the trial court denying defendant's motion for a new trial.

On October 29, 1952, Thorval Jensen, appellant, and Gordon Nelson, now deceased, made a written contract whereby Jensen agreed to sell to Nelson an undivided ½ interest in a band of sheep, consisting of 1,562 ewes and 48 bucks, for an agreed price of $17,698. Interest was to accrue at 6% from September 22, 1952. The contract provided that the

lambs and wool would be marketed, and after deducting taxes, hay, grain and general expense, the net proceeds would be divided equally and the share due Nelson would be applied on the contract. Nelson agreed to run the band of sheep on Jensen's Wyoming ranch "and to feed and care for said ewes and lambs in a good husbandlike manner for the duration of this Agreement, not to exceed three (3) years". Jensen agreed to furnish grass, hay and grain, and to advance not to exceed $1,000 for lambing expense, the latter advancement to be repaid out of gross proceeds from sale of lambs and wool. The contract further provided: "It is mutually understood and agreed that this Agreement will be terminated or liquidated within three (3) years from date hereof."

On or before October 29, 1952, Nelson took over the management of the sheep and continued in possession and in charge of the sheep until his death on May 21, 1953. During this period lambs were sold and the net proceeds divided equally, Nelson receiving $2,446; during this same period Nelson expended $1,713.40 for expenses in connection with the sheep, leaving a balance of $732.60. Other marketing had been done but the proceeds had not been received and divided at the time of Nelson's death.

During the period of November 17, 1952, to May 8, 1953, in addition to his obligations under the contract with Jensen, Nelson was employed at a bentonite plant in Belle Fourche, working a regular daily shift. According to appellant's testimony this employment was with his knowledge and approval.

Upon Nelson's death, Jensen took over the band of sheep, and has possession of them. Robert E. Nelson both before and after his appointment as administrator approached Jensen concerning a settlement of the business relations between Gordon Nelson and Jensen. The testimony does not reveal any agreement as to what the settlement should be; the only mutuality of understanding was that a settlement was in order, and all discussions concerning settlement were in terms of money and not in terms of sheep.

Initially, plaintiff commenced his action on the theory of accounting under the contract. Defendant also

defended on the theory of contract. The trial court held that the action would not lie and suggested quantum meruit; thereafter plaintiff amended his complaint and added a cause of action in quantum meruit; defendant's answer stood; the court dismissed the cause of action on contract and the case was tried on quantum meruit. Other pertinent information concerning the first trial can be found in Nelson v. Jensen, 76 S.D. 573, 82 N.W.2d 843.

Appellant's assignments of error concern rulings by the trial court in receiving the contract in evidence and allowing appellant to be questioned thereabout; in permitting counsel for respondent to question appellant about an accounting; and, unduly restricting cross-examination of respondent by appellant.

On oral argument, counsel for appellant for the first time questions the jurisdiction of the court to consider this case on quantum meruit, on the theory that if anything was due respondent, it was payment in kind, and not in money.

We consider first the question whether the contract should have been admitted in evidence. The execution of the contract is alleged by the plaintiff and is admitted by the defendant in the pleadings. A copy of the contract was marked as an exhibit and acknowledged by counsel for appellant to be a correct copy. It was offered in evidence and the objection was made that "it is wholly immaterial, incompetent for any purpose and no proper foundation laid".

In Fehlhafer v. Reiners, 37 S.D. 289, 157 N.W. 1058, 1059, evidence was admitted to prove an express contract as well as evidence to prove value of services rendered. It was there said: "The evidence was competent if the trial court was correct in ruling that respondent must show his services not to have been voluntary. If such burden was not on respondent, then proof of such express contract was absolutely immaterial and could not have been prejudicial to appellant. Most of such evidence was introduced without objection. Such objections as were interposed were insufficient to present the question now raised." In view of the nature of the contract and the services rendered, as well as the trial of the case, it is considered the foregoing case

answers appellant's contention that the court erred in admitting the contract in evidence as well as other assignments of error relating to rulings on objections to evidence.

"Under a number of authorities, there must be a contract express of implied, that is, proof of either a contract made by the parties or of facts creating a liability by implication of law; in cases where a promise to pay will not be implied as a matter of law, an actual agreement must be proved." 98 C.J.S. Work & Labor § 1, p. 718.

■ Considering the relationship of the parties and the nature of the contract, there can be no question but that this is a case where respondent is required to show his services not to have been voluntary, and in fact to show that his services were a part of the consideration for the contract. Death prevented complete performance by Gordon Nelson; the case was tried on quantum meruit; no objection was made to submission of the case to the jury on quantum meruit; the principal question of fact was whether Gordon Nelson's services were those of a "sheepherder" or a "manager". The fact of employment nor the nature thereof could not be ascertained without reference to the contract. For the foregoing reasons, the court did not err in admitting the contract in evidence.

Appellant contends that the "employment" of Nelson was admitted. The admitted employment referred to was an employment in the summer, in 1952, for labor at the ranch and not in connection with the contract between the parties.

The second reading of the contract to the jury was brought about by appellant's objections to questions propounded by respondent, the ground of the objections among others being that "the contract itself is the best evidence". Under the circumstances appellant has no grounds to complain of error.

The next issue to claim attention is that raised by appellant on oral argument, namely that the trial court did not have jurisdiction to hear this case on quantum meruit because, it was argued, the contract required payment "in kind", citing Olson v. Davis, 66 N.D. 35, 262 N.W. 332, and an annotation in 40 A.L.R. 31. Olson v. Davis is distinguish-

ed from this case as it appears there the defendant contended and the court found that the contract provided for payment in kind.

■ In this case the contract provided it would be "terminated or liquidated" within three years. What the parties had in mind is not known. They were at liberty to make any kind of agreement they desired for liquidation, regardless of whether Nelson paid part or all of the purchase price of the one-half interest in the band of sheep. It is evident from the very first conversations of Robert Nelson and Jensen that a cash liquidation would be made; Jensen insisted at the rate for "sheepherders" and Nelson at the rate for a "manager". For the court to adopt the reasoning of appellant on this point would be to tell the parties that they could not agree to a cash settlement but must make a settlement in kind. This court as recently as Knapp v. Breeding, 77 S.D. 535, 95 N.W.2d 551, has held that the courts cannot make a contract for the parties, but even there the court did not say that it could not look at what the parties had done and determine what their agreement was. The parties had agreed to a cash settlement on the basis of the reasonable value of Gordon Nelson's services, and that the court had jurisdiction to hear this case on the theory of quantum meruit.

■ The other principal assignment of error relates to testimony regarding a settlement between the administrator and Jensen. Inasmuch as the contract provided for liquidation, and quantum meruit lies only where the demands are unliquidated, it was proper for respondent to show that no settlement had been made. This testimony was also proper on the point as to whether settlement, or liquidation, was to be made in cash or in kind.

We have examined the other assignments of error wherein appellant complains of the action of the trial court in ruling on objections to evidence and are satisfied that if the court erred, no prejudice resulted therefrom.

The judgment of the lower court is affirmed, costs to respondent.

HANSON, P.J., and ROBERTS, J., concur.

SMITH and BIEGELMEIER, JJ., concur in result.

NORBECK, Circuit Judge, sitting for RENTTO, J., disqualified.